JOHN D. JOHNSON v. E. J. GURLEY ET AL.

1. BREACH OF COVENANT—LANDLORD AND TENANT.—For breach of mere covenant the lessor has no right of reëntry, unless there is an express clause in the agreement which authorizes it. In the absence of such a clause, the lessor can only maintain his action for damages.

2. BREACH OF CONDITION—LESSOR AND LESSEE.—A lessor may, without an express clause to that effect, take advantage of a breach of condition by reëntry, or by suit to recover the premises. The breach of condition does not, of itself, divest the estate of the lessee.

3. CONSTRUCTION OF LEASE—LESSOR AND LESSEE.—In a case of doubt as to the true construction of a clause in a lease, it should be held to be a covenant, and not a condition or limitation.

4. FACT CASES.—See statement of case for a clause in an agreement between a lessor and lessee, in regard to the use of timber, which was held to be neither one of limitation nor condition, a violation of which did not forfeit the estate of the lessee, or give the lessor a right to maintain any action except for damages.

APPEAL from McLennan county. Tried below before the Hon. X. B. Saunders.

John D. Johnson, appellant, entered into a contract with E. J. Gurley, one of the appellees, then acting as the agent of J. W. Lapsley and others claiming the Thomas de la Vega eleven-league grant of land opposite the city of Waco, wherein it was stipulated that appellant should remain upon the grant and hold it as the tenant of Lapsley and those claiming by community of interest with him, and that he would not yield the possession thereof to any adverse claimant. It was further stipulated that Johnson should reside upon the grant and use it at pleasure for pasturage and farming purposes, and that he might cut, use, and consume so much of the timber as might be necessary for his convenience and comfort upon his ranche or farm, but that he should not sell or otherwise dispose of any growing timber from the land. It was further stipulated that appellant should have the right to purchase any portion of the grant, including his improvements, not to exceed eleven hundred and seven acres, at the value of the land in its natural

state, without regard to improvements; but if he should decline to purchase, then, at the termination of his tenancy, Lapsley and those claiming with him should pay appellant the full value of his improvements, including dwellings, out-houses, cleared lands, fences, &c., such value to be ascertained in the manner designated in said contract. March 19, 1875, Gurley *et al.* instituted their suit in the District Court of McLennan county against Johnson, alleging breach of the contract of tenancy on his part, and praying for possession, damages, and rents from the date of the breach as alleged. The particular breach assigned was, that Johnson had cut down and destroyed a large amount of timber on the eleven leagues, and on the portions thereof held and occupied by him, and had cut the same into cord-wood and rails, and sold the same in violation of the contract; that he had cut down and destroyed and converted to his own use a large quantity of timber which was not necessary for his convenience and comfort, and not so used by him on his ranche or farm, and that the same was growing timber. Appellees also claimed rents, from the date of the contract, at the rate of $100 per annum.

April 8, 1875, Johnson answered with general demurrer and general denial, and pleaded specially the contract set out by appellees. He specially denied that he had ever violated any of its provisions, and averred that he had always held, and still held, as the tenant of appellees; that in pursuance of said contract he had made permanent and valuable improvements on the land in controversy, and had cleared, fenced, and put in cultivation about one hundred acres of the land, and that these several improvements were of the reasonable value of $1,396. Johnson, in his pleading, tendered back the land to appellees, and claimed the value of his improvements according to contract.

At the Fall Term, 1876, a trial was had, resulting in a verdict for appellees for the possession of the land, and also for $750 for rents, ignoring appellant's claim for improvements. Judgment of the court accordingly entered.

Appellant moved for a new trial on the grounds (1) that the verdict was contrary to the law, (2) that it was contrary to the evidence, and (3) that the verdict was for rent alone and excessive, and on other grounds, not here stated because not referred to in the opinion. Motion for new trial overruled. Notice of appeal, assigning as error the action of the court in overruling his motion for a new trial.

*Clark & Dyer,* for appellant.

I. The verdict is excessive, even if appellees had a right to recover any rents at all; and the latter right is denied.

II. Was there any ground of forfeiture by reason of breach of covenant or contract? Such forfeitures are not favored in the law, and courts always save them if it can be done. (1 Wash. on Real Prop., 2d ed., 317; Spear *v.* Fuller, 8 N. H., 174; Meni *v.* Rathbone, 21 Ind., 454; Doe *v.* Stevens, 3 B. & Adol., 299.) And they are never construed to defeat or determine a lease, unless there is some proviso or condition contained in the lease giving an express right of termination and reëntry. (1 Wash. on Real Prop., 2d ed., 318; Dennison *v.* Read, 3 Dana, (Ky.,) 586; Delaney *v.* Ganong, 5 Seld., (N. Y.,) 9; Den *v.* Post, 1 Dutch., (25 N. J. Law,) 292.) Even a breach of condition — and the stipulation as to cutting and selling growing timber is not a condition — does not, of itself, operate like a conditional limitation to determine the estate, but a reëntry must be actually made, until which the estate remains in the lessee in the same manner as before. (1 Wash. on Real Prop., 317; Fifty Associates *v.* Howland, 11 Met., 99; Western Bank *v.* Kyle, 6 Gill, 343; Proctor *v.* Keith, 12 B. Monr., 252; Doe *v.* Birch, 1 M. & W., 402; Garner *v.* Hannah, 6 Duer, 262.)

III. Appellant's estate was not determined by either the alleged breach of contract or the notice to quit, but continued, as it began, certainly to the commencement of this suit, March 19, 1875, if not to the present time.

IV. Appellant's tenancy being rent free *ab initio,* he cannot

be chargeable with rents until after the final termination of his tenancy.

V. If such tenancy was, in fact, terminated by the commencement of this action, and rents thereafter accrued are recoverable in this action, then appellant could not be chargeable with more than the rents for 1875 and 1876; and appellees allege in their petition that the rents are of the annual value of $100, by which they must abide.

*Walton, Green & Hill* and *Sleeper, Jones & Kendall*, for appellees.—When a person is put into possession of land under a written contract, rent free, with permission to cultivate and use land and timber for farming and family purposes until a different contract in writing is entered into, with these expressed stipulations in the lease, viz.:

First. That the lessee shall not cut down, or permit to be cut down, any growing timber for sale.

Second. That when the lessor shall tender to the lessee a warranty title to the land, the lessee shall have the right to elect to buy the land at its value unimproved; and in case the lessee declines to buy, he shall sell to the lessor, and the lessor shall have the privilege of buying, at their value, the improvements made on the land by the lessee; and while the lessee is in possession he cuts down growing timber and sells it, the same not being necessary for farming or family purposes, and also sells to another party valuable improvements which he has put upon the land, and puts him in possession of the land, thereby placing it out of his power to comply with his contract by selling the improvements to the lessor in case he elects not to buy the land; and when the person to whom the lessee has so sold cuts down and destroys timber in violation of the original contract with the lessee, and the lessor, in order to stay waste by such purchaser, is forced to sue him for possession and damages; and when the lessor gives notice to the lessee to quit the premises, and the lessee from the time of the notice to quit ceases to hold under the lease or to claim pos-

session under the lease, but claims possession under other and different persons from those named in the contract; and when the lessee is afterwards sued for possession, and for damages and for rents since the notice to quit, on the ground that the lessee had violated his contract; and when in answer to such suit the lessee sets up his right to elect to buy the land at its unimproved value, or to demand of the lessor pay for such improvements as he had not previously sold, and elects to demand pay for his improvements; and upon the trial of such suit, upon issues of fact only presented, a verdict is rendered that the defendant has violated his contract and plaintiffs are entitled to possession and to rents since the notice to quit, such verdict is in accordance with the law.

BONNER, ASSOCIATE JUSTICE.—The gravamen of plaintiff's action is an alleged forfeiture of the lease on the part of the defendant by reason of the cutting of growing timber upon the land in controversy, in violation of the terms of the contract under which he held.

This involves the proper construction of that portion of the agreement which relates to the use of the timber, so as to determine whether it is a covenant between the parties, or a condition, or a conditional limitation.

A covenant is an agreement duly made between the parties to do or not to do a particular act. (Taylor's Land. and Ten., sec. 245.)

For breach of mere covenant the lessor has no right of reëntry, unless, as is not the case here, there is an express clause in the agreement to this effect, but has the right to sue for damages only. (Taylor's Land. and Ten., secs. 290, 291; 1 Wash. on Real. Prop., 3d ed., marg. p. 320; Dennison *v.* Read, 3 Dana, (Ky.,) 586; Brown's Administrators *v.* Bragg, 22 Ind., 123.)

A condition is a qualification annexed to an estate by the grantor, whereby it may created, enlarged, or defeated upon

an uncertain event. (Taylor's Land. and Ten., sec. 271; 1 Wash. on Real. Prop., 3d ed., marg. p. 316.)

The lessor may, without an express clause to that effect, take advantage of a breach of condition by reëntry or eject-ment. (Taylor's Land. and Ten., sec. 291.)

But the breach of a condition does not, of itself, divest the estate of the lessee, but to do this the lessor must, by express act, take advantage of the same by reëntry, or that which in law would be equivalent thereto. (1 Wash. on Real. Prop., 3d ed., marg. p. 319; Taylor's Land. and Ten., sec. 273; Fifty Associates *v.* Howland, 11 Met., 99; Elliott *v.* Stone, 1 Gray, 575.)

A conditional limitation marks the period or event which is to determine the estate without entry or claim, and no affirmative act is necessary to vest the right in the grantor or him who has the next expectant interest. (Taylor's Land. and Ten., sec. 273; 2 Wash. on Real. Prop., 3d ed., marg. p. 459.)

In case of doubt as to the true construction of a clause in a lease, it should be held to be a covenant, and not a condition or limitation, as the law does not favor forfeitures. (1 Wash. on Real. Prop., 3d ed., marg. pp. 319, 320; Taylor's Land. and Ten., sec. 273; 4 Kent's Comm., marg. p. 129; Wheeler *v.* Dascomb, 3 Cush., 288.)

We are of opinion that the clause under consideration is neither one of limitation nor condition, but equivalent simply to a covenant or agreement between the parties, to the effect that the lessors agreed to give to the lessee the right to the use of such timber as might be necessary for the purposes of the lease, and the lessee agreed not to cut and sell the grow-ing timber. (Spear *v.* Fuller, 8 N. H., 174; Wheeler *v.* Das-comb, 3 Cush., 285; Taylor's Land. and Ten., secs. 279, 489.)

The breach of this covenant did not forfeit the estate of the defendant under the contract, or give the plaintiff the right to sue him otherwise than for damages.

The contract in this case partakes both of the nature of a lease and of a conditional sale, with the right to demand com-

pensation for improvements, and was clearly not a contract which the lessors, as in a tenancy at will, could determine by mere notice to quit. Certainly they could not do so without an equitable adjustment of the rights of the parties growing out of the improvements made by the defendant, and the damages, if any, from the breach of his covenant.

We are of opinion, however, that there was error in not granting a new trial, because the verdict of the jury was excessive as to rents.

It is not necessary to dispose of the other questions raised, as they will probably not arise on another trial.

REVERSED AND REMANDED.

[Opinion delivered November 21, 1879.]