**MENEFEE et ux. v. NATIONAL AID LIFE ASS'N.**

No. 2409.

Court of Civil Appeals of Texas. Waco.

April 9, 1942.

Rehearing Denied May 7, 1942.

A. H. Menefee, of Madisonville, for appellants.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellee.

RICE, Chief Justice.

Plaintiffs sought recovery in the sum of $1,000, alleged by them to be the amount payable on the face of a contract of life insurance issued by defendant, together with statutory penalty, interest and attorney's fees.

Defendant admitted liability in the sum of $136.35, alleged by it to be the full amount due under the terms of the insurance contract sued on, and made timely and proper tender of that sum to the plaintiffs. This tender was rejected and said sum was paid into the registry of the court by defendant. Defendant pleaded that it was a foreign life insurance association, duly licensed under Chapter V, Title 78, Revised Civil Statutes of the State of Texas, and therefore was not liable for statutory penalties and attorney's fees, or subject to the other provisions of Chapter III, Title 78, Revised Statutes, Vernon's Ann.Civ.St. art. 4716 et seq.

By supplemental petition, plaintiffs pleaded a general denial, and that defendant was estopped to deny liability in the sum of $1,000 because of statements made in a letter written by defendant to assured, which induced him to accept the policy sued on.

On the issues tendered by the pleadings and the evidence (a jury having been waived), the court rendered judgment in

favor of plaintiffs for $136.35, which sum the court found had been paid into the registry of the court by defendant in discharge of the judgment; and plaintiffs have appealed.

The court filed his findings of fact and conclusions of law, which, in so far as they are material to this appeal, are substantially as follows: (1) Defendant is a life insurance company, incorporated in Oklahoma under the assessment or mutual premium plan, and licensed in Texas under Chapter V, Title 78, Revised Civil Statutes (1925); (2) the policy sued on provided for a certain amount of insurance to be paid at the death of insured, as set out in a table in said policy; that according to this table, the beneficiaries in said policy on assured's death at the age of eighty-four were entitled to the sum of $136.35; (3) the tender of $136.35 had been kept alive and said sum was paid by defendant into the registry of the court; (4) that the letter written by defendant to assured did not support plaintiffs' plea of estoppel.

The court concluded that plaintiffs were entitled to recover of defendant the tendered sum of $136.35, and taxed the costs of court against plaintiffs.

It is the contention of plaintiffs: (1) That the trial court's finding that defendant company was a statewide mutual assessment company, incorporated under the laws of Oklahoma and licensed to do business in Texas under the provisions of Chapter V, Title 78, Revised Civil Statutes 1925, was not supported by competent evidence and the court erred in so finding; (2) that the court erred in failing to find as a fact that defendant was an old-line insurance company, subject to the general insurance laws of the State of Texas; (3) that the court erred in finding defendant's letter of June 11, 1934, did not estop defendant from denying liability for the full face value of the policy sued on; (4) that the court erred in holding valid the provision of the insurance contract, limiting liability of the company to $136.35; and (5) the court erred in failing to find defendant liable for the full face value of the policy, together with interest, penalty of twelve per cent and attorney's fee in the sum of $400.

Plaintiffs introduced the contract sued upon. At the top of the first page is printed: "Benefit Certificate": "National Aid Life Association." On the first page, under "Part 1", it is provided: "In consideration of the prompt payment in advance of assessments as herein · provided, Fred M. Connor, of Madisonville, Texas, is hereby received into the membership of National Aid Life Association, Incorporated under Chapter 32 of the 1925 Session Laws of the State of Oklahoma [36 O.S.1941 § 691 et seq.]. In the event of the death of the above named member, while this certificate is in full force and effect, and subject to the conditions and stipulations hereinafter set out, and upon proof satisfactory to the Association of the death of said member, said National Aid Life Association hereby agrees to pay a sum of money as hereinafter stipulated, not to exceed One Thousand Dollars, to M. W. Menefee and Julia Sue Menefee, son-in-law and daughter, as beneficiary." Part 2 on the first page provides insured will pay a regular monthly premium of three dollars. Part 4, at top of second page, provides: "The amount of insurance benefits provided under this contract shall be such a sum of money as the monthly assessment set out on Page No. 1, Part. No.· 2 hereof, being paid by the member to this Association, will purchase at the attained age of the member at the time of death according to the table of rates set out under Part No. 5 hereof; in no case, however, shall the amount payable exceed the amount set out in Part No. 1 on Page No. 1 hereof." Part 5, immediately under Part 4, is a table of. diminishing returns showing attained ages from twenty to eighty-six years, and opposite each year the monthly rate per $100 benefit.

The entire contract is set forth above the signature of defendant, which appears on the third page. The certificate refers to the assured as a member of the Association, and provides:

"(f) The hereinabove specified regular assessments are estimated to be sufficient to cover all mortuary requirements but the Association may call special additional or increased assessments should same be required to meet valid death claims."

"(k) In the absence of any other later written appointment of a proxy to represent the member at meetings of the members which he does not personally attend— the member hereunder appoints the President or in his absence then the Secretary, to represent him at such meetings as his proxy, such appointment to continue until revoked in writing; said proxy to be ex-

ercised by the incumbents of said offices or their successors."

Appellants contend, as we understand, that the proof shows appellee was an old-line insurance company; or, if not, the defendant did not carry its burden to show, by competent evidence, that it was engaged in business in Texas as a statewide mutual under the provisions of Chapter V, Title 78, Revised Civil Statutes. That in either case the defendant is governed by the laws of this state pertaining to insurance companies generally, and particularly by those provisions of Art. 4736, Revised Statutes, Vernon's Ann.Civ.St. art. 4736, pertaining to penalty and attorneys' fees and subdivision 3 of Art. 4733, Revised Statutes, prohibiting the incorporation in a life insurance policy of any mode of settlement at maturity of less value than the amounts insured on the face of the policy. Because of the foregoing statutory prohibition, appellants urge that appellee is liable for the sum of $1,000, the maximum provided for in part 1 of the policy; and that the limitations on the amount payable contained in Parts 4 and 5 thereof are void.

■ The trial court expressly found that the defendant was a life insurance company, incorporated in Oklahoma under the assessment or mutual premium plan, and licensed in Texas under Chapter V, Title 78, Revised Civil Statutes of 1925. If the trial court's finding in this respect is supported by the record, then appellee is not governed by the articles of the statute relied on by appellants, and the latter's contention must fall. National Aid Life Ass'n v. Murphy, Tex.Civ.App., 78 S.W.2d 223.

■ The court erroneously permitted the secretary of appellee to testify (over timely objection) that appellee was licensed to do business in Texas under the provisions of Chapter V, Title 78, Revised Statutes. However, appellants pleaded that appellee was duly incorporated under the laws of Oklahoma, and doing business in Texas, under a permit issued by the Insurance Commission. Appellants admitted, during the trial, that appellee had a permit to do business in Texas. Appellants, on cross-examination of appellee's secretary, brought out that appellee did not issue policies of insurance in Texas under the legal reserve basis; nor on the old-line insurance basis; that the premium stipulated in the policy sued on was stabilized subject to assessment; that the law under which appellee was incorporated provides that if the stipulated assessment did not provide enough money to pay the benefit stipulated, that an additional assessment must be run on the members of the group; that appellee was not operating its business in Texas for profit; that it was a mutual assessment company, not licensed or incorporated to operate for profit; that the appellee's articles of incorporation provide that it is a group of people bound together in a mutual assessment company. The policy sued on has printed on its face: "Benefit certificate"; it provides that the Association may call special additional or increased assessments should the same be required to meet valid death benefits; it refers to meetings of the members of the Association. The foregoing competent and admissible evidence was sufficient, in our opinion, to sustain the finding of the trial court here complained of. Therefore, the trial being before the court, no reversible error was committed in overruling plaintiffs' objection to the evidence complained of. Lindsay v. Jaffray, 55 Tex. 626; Clayton v. McKinnon, 54 Tex. 206; Ferguson v. Ferguson, Tex.Com.App., 23 S.W.2d 673.

■ It was the prerogative of the trial judge before whom this case was tried, without a jury, to weigh the evidence as a whole, and to give it such probative force as in his opinion it was entitled to. Shaw, Banking Com'r, v. Ciesielski, Tex.Civ.App., 19 S.W.2d 107.

■ Where evidence is conflicting and the trial judge sits as trier of the facts as well as of the law, the judge stands in the same relation to the cause as a jury. Worth Finance Co. v. Charlie Hillard Motor Co., Tex.Civ.App., 131 S.W.2d 416.

■ The evidence was sufficient, in our opinion, to raise issues of fact for the determination of the trial court; and the latter having resolved these issues against appellant, upon sufficient evidence, we are bound thereby. Larnce v. Massachusetts Bonding & Ins. Co., Tex.Civ.App., 121 S.W.2d 392, writ dismissed; Burrage v. Red Arrow Taxi Co., Tex.Civ.App., 123 S.W.2d 731.

Judgment of the trial court affirmed.