**GOLDEN SPREAD OIL, INC. &
Earl W. Ince, Sr., Appellants,**

v.

**AMERICAN PETROFINA CO. OF TEXAS,
Appellee.**

**No. 7862.**

Court of Civil Appeals of Texas.

Amarillo.

June 24, 1968.

Rehearing Denied Sept. 3, 1968.

Herbert C. Martin, Amarillo, for appellants; Edward W. Napier, Lubbock, Herbert C. Martin, Amarillo, of counsel.

Underwood, Wilson, Sutton, Heare & Berry, Harlow Sprouse, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

This was a suit filed by appellant, Golden Spread Oil, Inc. to cancel a written service station lease that Golden Spread Oil, Inc. had leased to appellee, American Petrofina Co. Appellant, Earl W. Ince, Sr. was a plaintiff because of his claimed right to purchase the service station property free and clear of appellee's lease. Appellee, defendant below, counterclaimed in trespass to try title, for quiet possession of the service station property, and to cancel a one year sublease which it had made to Golden Spread Oil, Inc., as sublessee, and also sued for attorneys' fees. After a jury trial the Court granted appellee's motion for directed verdict, submitting to the jury only the amount of attorneys' fees due appellee. Judgment was entered that appellant take nothing by its suit, that appellee recover on its counterclaim possession of the service station property for the term provided by its lease from Golden Spread Oil, Inc., and declaring such lease to be in full force and effect and removing the cloud upon appellee's title created by the claim of Earl W. Ince, Sr. insofar as said claim is for a right to possession of said premises during the term of the leasehold estate created by the lease from Golden Spread Oil, Inc. to American Petrofina Company of Texas and dated November 7, 1963. Appellee was also awarded $2,500.00 in attorneys' fees, the amount found by the jury, and its costs. From this judgment Golden Spread Oil, Inc. and Earl W. Ince, Sr. have appealed.

By appellants' first point of error it is contended the trial court erred in ruling that any sale of the premises here involved by Golden Spread Oil, Inc. as provided in paragraph 10 of the lease was subject to such lease of 15 years to American Petrofina Company of Texas. Paragraph 10 of the lease provides as follows:

"Lessor hereby grants to Lessee the exclusive right, at Lessee's option, to purchase the demised premises free and clear of all liens and encumbrances, including leases (which were not on the premises at the date of this lease), at any time during the term of this lease or any extension or renewal thereof,

(b) on the same terms and at the same price as any bona fide offer for said premises received by Lessor and which offer Lessor desires to accept. Upon receipt of a bona fide offer, and each time any such offer is received, Lessor (or his assigns) shall immediately notify Lessee, in writing, of the full details of such offer, including the name and address of any offeror, whereupon Lessee shall have thirty (30) days after receipt of such notice in which to elect to exercise Lessee's prior right to purchase. No sale of or transfer of title to said premises shall be binding on Lessee unless and until these requirements are fully complied with.

Any option herein granted shall be continuing and pre-emptive, binding on the Lessor's heirs, devisees, administrators, executors, grantees, or assigns, and the failure of Lessee to exercise same at any time or times shall not effect a termination thereof, and shall not af-

fect Lessee's right to thereafter exercise any such option in accordance with the terms and provisions thereof. Written notice exercising any option herein granted shall create a contract of sale and within fifteen days after receipt thereof Lessor shall furnish Lessee a complete abstract of title from original grant certified to date by a reliable abstracter, showing that Lessor has a good and merchantable title in and to said property in the opinion of attorneys for Lessee. Unless, in opinion of Lessee, material defects shall be found in said title and stated in writing to Lessor, said Lessor on notice from Lessee shall deliver to Lessee a General Warranty Deed conveying the legal and equitable title to said property to Lessee, free, clear and discharged of all encumbrances, liens or other charges, and be entitled to receive the purchase price. Tender of Lessee's valid check shall constitute a sufficient tender of the purchase price if, in the opinion of Lessee, defects are found in said title, Lessor, after written notice thereof, hereby covenants to endeavor to have the same cured to the satisfaction of Lessee within sixty (60) days from receipt of notice thereof, and if not so cured within said time Lessee may either elect to take such title as it then is or, at the election of Lessee, this option shall come to an end; or Lessee may extend the time for meeting title requirements. Lessee's liability for payment of rent shall terminate thirty (30) days after the date on which Lessee notifies Lessor that Lessee elects to purchase the property as herein provided. Lessor may, upon Lessee's approval, furnish to Lessee title guaranty policy in the amount of the purchase price in lieu of an abstract. Current year's ad valorem taxes shall be prorated between the parties to date of delivery of General Warranty Deed and all special assessments, if any, shall be paid by Lessor whether same be payable in a lump sum or in installments or otherwise."

In other words, it is appellants' contention that when appellee failed to purchase the premises under its option to buy and the premises were sold to another party, that terminated appellee's lease.

A lease will be most strongly construed against the lessor Sirtex Oil Industries, Inc. v. Erigan, 403 S.W.2d 784 (Sup.Ct.) and the many cases there cited. Where a lease contract is written in plain, clear and unambiguous language its construction is a question to be decided by the court and not by a jury. Weil v. Ann Lewis Shops, Inc., Tex.Civ.App., 281 S.W. 2d 651 (writ ref'd). It is stated in G. C. Murphy Co. v. Lack, Tex.Civ.App., 404 S.W.2d 853 (n. r. e.) as follows:

"The courts do not favor forfeitures and unless compelled to do so by language that will admit to no other construction, forfeiture will not be enforced. The law abhors a forfeiture. Sirtex Oil Industries, Inc. v. Thelma Erigan, et al., 9 Sup.Ct. Journal, No. 33, p. 439, at 441, and cases cited therein; Dilbeck v. Gaynier, 368 S.W.2d 804, Tex.Civ.App.1963, n. r. e.; see also Decker v. Kirlicks, 110 Tex. 90, 216 S.W. 385–386; Johnson v. Gurley, 52 Tex. 222 (1879); 36 Tex.Jur. 2d, Landlord and Tenant, Sec. 253, p. 103–105. Appellee, in his reply point number 2, says:

'As a matter of law and *equity*, the lease contract has been terminated, and Appellee is entitled to possession of his property under the undisputed circumstances presented by the present record.' (emphasis supplied)

Equitable relief will not be granted in declaring a forfeiture, for only the plain language of the contract will permit such drastic relief."

Appellee herein certainly had a lease upon the property here involved for a term of 15 years with the exclusive right to purchase if he desired to do so, but was under no obligation to purchase if he did

not care to do so. That was nothing more than a privilege granted to the appellee. There was nothing in the lease concerning the cancellation of the lease in case of a sale to a third party. We think the lease is plain, clear and unambiguous and the trial court correctly construed the full meaning of the lease contract. Appellants' first point of error is overruled.

By appellants' second point, it is contended the court erred in holding the instrument was a lease because the evidence in the case raised the issue that the lease was a mortgage or instrument executed for the purpose of securing financing for building a filling station on the premises in issue. The test by which to determine whether the instrument is a mortgage is—was there a subsisting, continuing debt and a continuation of the relation of debtor and creditor? That fact is not only a circumstance tending to show that the conveyance is a mortgage but is indispensable to the existence of the mortgage. If there is no indebtedness for which conveyance is security, there could be no mortgage. Where there is no promise to pay the lease will not be construed to be a mortgage. There is nothing in this record to show the existence of the relation of debtor and creditor as to the parties herein. It is stated in Barrera v. Gonzalez, Tex.Civ.App., 341 S.W. 2d 703 (n. r. e.) as follows:

"The legal principle involved is settled. A deed absolute on its face may be construed as a mortgage if the evidence, including parol evidence, shows that such was the intention of the parties. Wilbanks v. Wilbanks, [160 Tex. 317] 330 S.W.2d 607; Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972; Kokernot v. Gilstrap, 143 Tex. 595, 187 S.W.2d 368; Parmenter v. Kellis, Tex.Civ.App., 153 S.W.2d 965. *The criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability.'* 3 Pomeroy's Equity Jurisprudence, 4th Ed., § 1185; Parmenter v. Kellis, supra." (Emphasis added)

It is also stated in McMurry v. Mercer, Tex.Civ.App., 73 S.W.2d 1087 (writ ref'd):

"To convert a deed absolute in form into a mortgage, it must appear that it was executed to secure the payment of an indebtedness, or the performance of some obligation; so, applying this doctrine to the instant case, to convert either of the deeds under consideration into a mortgage, it must appear that the grantor was indebted to Mercer, to secure which the deed was executed, and that Mercer could have compelled payment by proper proceedings; in other words, the existence of the relation of debtor and creditor is absolutely essential as a basis for the contention that these deeds are mortgages. See Calhoun v. Lumpkin, 60 Tex. 185, 189; Astugueville v. Loustaunau, 61 Tex. 233; McCamant v. Roberts, 80 Tex. 316, 322, 15 S.W. 580, 1054."

See also Young v. Fitts, Tex.Civ.App., 183 S.W.2d 186 (ref'd w. o. m.); Rosinbaum v. Billingsley, 272 S.W.2d 591 (n. r. e.); Callaway v. Snead, Tex.Civ.App., 33 S.W. 2d 552 and the many cases cited in all these cases.

The lease here involved was dated November 7, 1963, but was not to take effect until the first day of the month following the completion by Golden Spread Oil, Inc. of the filling station here involved which it had agreed to construct under the terms of the lease. On December 26, 1963, a loan was approved on condition the property would be built in accordance with the plans and specifications, and finished, and thereafter an inspection of the completed improvements. On June 25, 1964, appellee informed Golden Spread Oil, Inc. that it had inspected the service station on June 17, 1964, and approved the construction and decided July 1, 1964, as the beginning date of the term of the lease. That date was agreed to by Golden Spread Oil, Inc. as the beginning date of the lease. On July 13, 1964, Golden Spread Oil, Inc. assigned

the lease to Farm & Home Savings Association. This was nothing more than an assignment of the lease and was an admission that it was a lease. We overrule the second point of error.

■ By appellants' third assignment of error, it is contended the court erred in granting judgment for $2,500.00 attorneys' fee to appellee because there was no basis in law or fact for the judgment entered in the cause for appellee. The lease provided as follows:

"(b) That Lessee, so long as no default exists, in the payment of rent, or in the performance of Lessee's other covenants contained herein, shall peacefully and quietly hold and enjoy the leased premises for the term thereof, the breach of which covenant by operation of law, or for any other reason, if not promptly corrected, will entitle the Lessee at its option to terminate and cancel this lease. Lessor further agrees that if Lessee shall be made a party in any legal proceeding affecting the Lessee's right of continuous and quiet possession, the Lessor will reimburse the Lessee for any reasonable attorney fees, or other expense incurred by Lessee in defending its right under this lease, and any such expenses may be applied by Lessee upon rental due or to become due, and will save Lessee harmless from any and all claims for damages arising out of failure of Lessor's title to the premises herein leased."

Golden Spread Oil, Inc. brought this action against appellee, the lessee, affecting the lessee's right of continuous and quiet possession. The trial court submitted to the jury the issue as to what amount would be a reasonable attorneys' fee. The jury answered $2,500.00. Appellee was granted judgment for the amount found by the jury and that appellee was entitled to possession under said lease and any cloud upon appellee's title under said lease was removed. Appellants' third point is overruled.

The judgment of the trial court is affirmed.