RED OAK FISHING CLUB, Appellant,

v.

Tom Ed HARCROW, Appellee.

No. 4975.

Court of Civil Appeals of Texas, Waco.

Nov. 12, 1970.

Rehearing Denied Dec. 3, 1970.

W. A. Keils, Jr., Teague, for appellant.

J. D. Dashiell, Buffalo, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs from a take nothing judgment in a suit to enjoin defendant from interfering with plaintiff's possession of leased real estate; and involves the construction of a written lease between the parties.

Plaintiff Van Wey, individually and as President of Red Oak Fishing Club filed this suit: alleging plaintiffs leased some 75 acres from defendant in Leon County; that such lease does not expire until June 1, 1974; that defendant asserts the lease had expired and demands possession of the properties; and prayed for construction of the lease and permanent injunction restraining defendant from interfering with plaintiff's possession of the property.

Defendant answered asserting the lease had expired, and further that plaintiffs had no right to bring the suit in the manner in which it was brought.

Trial was to the court, which found the lease had expired, and entered judgment that plaintiffs take nothing.

The trial court filed conclusions of law:

1) Though this suit is brought in the name of Red Oak Fishing Club, it is not brought by the Club itself but by Dr. A. E. Van Wey only. I conclude as a matter of law, Dr. A. E. Van Wey has no legal right to bring this suit in the manner he did bring it.

2) This lease has expired by its own terms.

Plaintiffs appeal on 2 points contending the trial court erred:

1) In holding the lease had expired, and

2) In holding A. E. Van Wey did not have a right to bring the suit in the manner in which it was brought.

The lease is dated April 27, 1964 and is between Tom Ed Harcrow, Lessor, and the Red Oak Fishing Club, Lessee, and provides:

"1. Lessor in consideration of $1250. per year * * * grants and lets unto Lessee for the purpose of fishing, boating * * * a Lake of approximately 60 to 75 acres in size known as the Tom Ed Harcrow lake, in the J. Beatty survey, approximately 5 miles SSE of Buffalo, Leon County, Texas, and the surrounding acreages * * *".

"2. * * * this lease shall be for a term of five years from the first day of June 1964, and shall be renewable from first day of June of each succeeding year for a period of five years upon receipt of the above agreed amount".

Plaintiffs paid the $1250. per year for six years, and tendered $1250. on May 28, 1970, for the year beginning June 1, 1970. Defendant refused to accept the money and asserted the lease had expired.

Paragraph 2 of the lease provides: "this lease shall be for a term of five years from the first day of June 1964, and shall be renewable the first day of June of each succeeding year for a period of five years * * *".

We think the lease unambiguous and that the five year primary term expired on June 1, 1969, and that plaintiffs were given the right to renew for five additional years.

In any event a lease will be most strongly construed against the lessor.

Sirtex Oil Industries, Inc. v. Erigan, Tex., 403 S.W.2d 784; Golden Spread Oil, Inc. v. American Petrofina Co. of Texas, Tex. Civ.App. (NRE), 431 S.W.2d 50; Pickrell v. Buckler, Tex.Civ.App., Er. Den., 293 S.W. 667.

The trial pleading shows that relief is sought by "Plaintiff A. E. Van Wey, individually and as President of Red Oak Fishing Club", and by "Plaintiff Red Oak Fishing Club, by and through its President, A. E. Van Wey." Plaintiff Van Wey had the right to bring the suit as an individual, and the club had the standing to sue in its own name. It might be said under the record, that Van Wey brought this suit in the name of the club. He was the club's President, and there is no probative evidence that he was not authorized to do so. See: Rule 28, TRCP; Article 6133 VATS; Jones et al. v. Maples et al., Tex.Civ.App. (Er.Ref.), 184 S.W.2d 844.

Plaintiff's points are sustained. The judgment is reversed and judgment here rendered restraining defendant from interfering with plaintiff's possession of the property while such lease remains in force.

Reversed and rendered.