James BELLOWS, Appellant,

v.

Calvin CROW, Appellee.

No. 1049.

Court of Civil Appeals of Texas, Tyler.

Nov. 3, 1977.

Rehearing Denied Dec. 1, 1977.

Richard S. Stark, Stark, Barnhart & Moore, Gainesville, for appellant.

Clifford Powell, Sherman, for appellee.

DUNAGAN, Chief Justice.

This is a forcible detainer suit filed by the appellant, James Bellows, against the appellee, Calvin Crow. The major question on appeal is the validity of a renewal option contained in a lease covering the premises in controversy.

The appellee entered into a lease agreement on November 1, 1960, with Mrs. J. P. Hickey, owner of the property in question at that time. The lease was for a period of five (5) years beginning October 1, 1960,

payable on the first day of each month at the rate of $60.00 per month, being the aggregate sum of $3,600.00. Said lease contained an option clause for the renewal of the lease for the additional period of ten (10) years under the same terms and conditions.

Appellee exercised the option by making a new lease (second lease), Mrs. J. P. Hickey leasing the premises to appellee for a term of ten years beginning November 1, 1965, and ending October 31, 1975. The second lease and the construction of the renewal option contained in it is the crucial question in this case. The lease contained the following provisions:

"1. As rent for said property during the term of this lease, lessee agrees and obligates himself to pay and the lessor obligates herself to accept Seven Thousand Two Hundred and No/100 Dollars ($7,200.00), payable in monthly installments of Sixty and No/100 Dollars ($60.00) per month on the 1st day of each consecutive month.

"2. Lessee is hereby given the option for a renewal of this contract for the additional period of five (5) years under the same terms and conditions upon the giving of written notice to lessor thirty (30) days prior to the expiration of the primary term hereof."

The appellee timely gave notice of his intention to exercise his option to extend the lease for five more years. The appellant had purchased the property from Mrs. Hickey in 1966, and he refused to renew the lease. Appellee has tendered $60.00 a month as rental payments prior to trial and appellant has refused these.

■ The appellant in his first point of error asserts that the renewal option contained in the lease is void because it is legally uncertain and does not form a contract. We do not agree.

In *Haddad v. Tyler Production Credit Ass'n,* 212 S.W.2d 1006, 1007 (Tex.Civ.App.–Texarkana 1948, writ ref'd), a renewal option provision that did not specifically set out any rental rate, other than a maximum rate as referred to and set out in the origi-

nal lease, was construed to be valid. Similar renewal option provisions have been upheld in other instances. *Pruett Jewelers, Inc. v. J. Weingarten, Inc.,* 426 S.W.2d 902 (Tex.Civ.App.–Tyler 1968, writ ref'd n. r. e.); *Red Oak Fishing Club v. Harcrow,* 460 S.W.2d 151 (Tex.Civ.App.–Waco 1970, no writ).

It has been held that no distinction will be drawn between the terms "extension" and "renewal" as used by men of practical affairs in a lease. *Haddad v. Tyler Production Credit Ass'n,* supra. Therefore, we find no significance in the fact that the word "renewal" was used in the lease before us.

We think it is clear from the face of the instrument that the option provision contemplated a five-year renewal of the lease at a rental rate of $60.00 per month. We find no merit in the appellant's argument that setting the rental rate at $60.00 per month necessarily involves a total disregard of the $7,200.00 figure contained in the lease. It is clear that this $7,200.00 figure represents an aggregate amount of the rental rate for a ten-year primary term; and recognizing the rental rate to be $60.00 per month under the five-year renewal option merely recognizes such figure to be an aggregate amount.

In our opinion, "the same terms and conditions" is clear and unambiguous and refers to a rental rate of $60.00 per month. The $7,200.00 figure must be recognized for what it is, namely, an aggregate figure of the monthly rental rate set out to encompass the primary ten-year term of the lease. Appellant's first point of error is overruled.

■ Appellant's second point of error complains of the admission into evidence of the first lease executed by Mrs. J. P. Hickey and the appellee. We feel that the appellee's pleadings properly permitted the admission of this evidence, and we do not feel such evidence was hearsay since it was not offered to prove the truth of the matters contained therein. 1 McCormick & Ray, Texas Practice, Evidence, sec. 781 (2d ed. 1956). In any event, even if the evidence

was improperly admitted, in a trial before the court it is presumed that the trial judge disregarded evidence improperly received, where there is independent evidence upon which to base the judgment. *Ferguson v. Ferguson,* 23 S.W.2d 673 (Tex.Comm.App. 1930); *Menefee v. National Aid Life Ass'n,* 161 S.W.2d 508, 510 (Tex.Civ.App.–Waco 1942, err. ref'd w. o. m.); *Texas-New Mexico Utilities Co. v. State ex rel. City of Teague et al.,* 174 S.W.2d 57, 62 (Tex.Civ.App.–Fort Worth 1943, err. ref'd w. o. m.). The judgment here is based upon the second lease. Thus, the admission of the evidence, even if improper, was harmless error. *Wright v. Traders & General Ins. Co.,* 132 Tex. 172, 123 S.W.2d 314 (1939, opinion adopted); Tex.R.Civ.P. 434.

■ Appellant's third point of error alleges that the trial court erred in not rendering a money judgment in favor of the appellant for any rental consideration. The appellant's pleadings do not support the awarding of any money judgment for rental purposes, since his pleadings refer only to damages suffered based on the allegedly invalid option provision in the lease. We have already upheld the trial court's action in upholding the validity of the renewal option in the lease; therefore, we overrule appellant's third point of error because his pleadings do not allow the trial court to render a money judgment for any rental payments. However, based upon our holding regarding the validity of the renewal option in the lease, the appellant is entitled to receive a monthly payment of $60.00 per month. Appellant's right to these payments is based upon his contractual rights contained in the renewal option provision of the lease.

Judgment affirmed.