**Washington WATLEY, Appellant,**

v.

**Leo VERGOTT, Appellee.**

No. 17933.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 9, 1978.

Short & Copeland and John D. Copeland, Wichita Falls, for appellant.

Oldham & Holt, and Judd B. Holt, Wichita Falls, for appellee.

OPINION

SPURLOCK, Justice.

This is a suit for declaratory judgment brought by Leo Vergott (the lessee) against Washington Watley to construe the meaning of an option clause contained in a lease.

On October 23, 1975, L. P. Glidewell and Vergott entered into a lease agreement whereby Vergott leased two spaces in a shopping center. Later, Glidewell sold the shopping center to Watley, subject of course to the outstanding leases. It is undisputed that Vergott's lease provided that he (Vergott) was to lease the premises for at least twelve months at $600.00 per month. It is the fifth clause in the lease that grants the lessee an option which has

**926**

given rise to the present litigation. That clause provides:

"Option is granted for four (4) one year periods."

At the trial, Vergott contended that the option clause contained in the lease gave him the option to lease the premises for four one-year periods (under the same terms and conditions set forth in the lease) after the original one-year term had expired. On the other hand, Watley contended that the option clause was so vague and indefinite as to be rendered void and unenforceable. Further, he contended that Vergott had failed to timely exercise his option.

After a non-jury trial, the trial court rendered judgment, providing *inter alia*: (1) that the lease and its renewal option constitute one entire contract for a term of five years, (2) that one year of the contract is certain and the additional four years are made certain upon the exercise by the lessee of his renewal option, (3) that the lessee exercised his option for the second year of the lease, and (4) that the terms and provisions of the lease remain intact and unchanged throughout the five-year period. From this judgment, Watley has perfected his appeal.

Findings of fact and conclusions of law were neither filed nor requested in this case.

We affirm the judgment of the trial court.

Watley's primary complaint on appeal is that the option clause contained in the lease is so vague and indefinite as to be unenforceable.

In Support of this contention, he cites the case of *Pickrell v. Buckler*, 293 S.W. 667 (Tex.Civ.App.—El Paso 1927), wherein the court concluded that the covenant to renew was void for uncertainty. However, our supreme court, in refusing to grant a writ of error, wrote: "We are not inclined to the view that the covenant to renew in the original lease was void for uncertainty." 116 Tex. 567, 296 S.W. 1062 (Tex.1927).

■ It is an established rule that a general covenant to renew or extend a lease (which is silent as to the terms of the renewal or extension) implies a renewal or extension upon the same terms and conditions as provided in the original lease and is sufficiently definite and certain to be enforceable. 50 Am.Jur.2d *Landlord and Tenant* § 1159 (1970). We agree with this rule.

In *Red Oak Fishing Club v. Harcrow*, 460 S.W.2d 151 (Tex.Civ.App.—Waco 1970, no writ), the court was confronted with the following lease provision: "this lease shall be for a term of five years from the first of June 1964, and shall be renewable from first day of June of each succeeding year for a period of five years upon receipt of the above agreed amount." The Waco court of civil appeals held that the lease was unambiguous "and that the five year primary term expired on June 1, 1969, and that plaintiffs were given the right to renew for five additional years." *Id.* at 152.

■ Further, we note that is is a generally accepted rule that a lease will be most strongly construed against the lessor. *Sirtex Oil Industries, Inc. v. Erigan*, 403 S.W.2d 784 (Tex.1966); *Golden Spread Oil v. American Petrofina Co. of Tex.*, 431 S.W.2d 50 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.). This rule is particularly appropriate to be applied to the case at bar, since the original lessor (Glidewell) drafted the lease containing the option clause.

■ Based upon the foregoing authorities, we hold that the option clause implies a right of renewal upon the same terms and conditions as provided in the original lease and is sufficiently definite and certain to be enforceable.

We have carefully considered each of Watley's points of error and each is overruled. The judgment of the trial court is affirmed. All costs are taxed against Watley.