Michael L. LAVIAGE, Appellant,

v.

Penni Wexler LAVIAGE, Appellee.

No. 12–81–0065–CV.

Court of Appeals of Texas, Tyler.

Feb. 24, 1983.

John F. Nichols, Nichols & Murray, Houston, for appellant.

Earl S. Lilly, Piro & Lilly, Houston, for appellee.

McKAY, Justice.

This is an appeal from a judgment modifying the terms of a prior judgment and ordering child support, custody and visitation.

Appellant, possessory conservator, appeals from a judgment ordering him (1) to pay $540 per month for child support of the minor, Fredrick Jason Laviage; (2) to maintain hospitalization, medical and dental insurance; (3) to pay one-half of all drug expense; (4) to pay total care expense for the minor at Houston Jewish Community Center; and (5) to pay $3,000 for appellee's attorney's fees. The judgment also provided for detailed periods of possession of the minor by each parent.

By points one through five and points seven and eight, appellant complains of the admission into evidence of certain testimony and exhibits. We will address these points together. Appellant complains that evidence was admitted without pleading to support it; that evidence was admitted relating to matters and conditions before the last order of the court; that some claimed expenses were contingent; that an exhibit was irrelevant and immaterial; that another exhibit was a "recap" of prior testimony; that tax return exhibits had been previously ruled on and sealed by prior court order; and that another exhibit was a summary and underlying data supporting such exhibit was not produced for inspection.

This proceeding was a trial before the court. It was held in *Merrell v. Merrell*, 527 S.W.2d 250, 254 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.):

In a trial before the court the admission of incompetent evidence will not generally require a reversal of the judgment when there was competent evidence to authorize its rendition, and it will ordinarily be assumed that the trial court disregarded such evidence.

*Merrell* has been followed and cited in *Gillespie v. Gillespie,* 644 S.W.2d 449, 26 Tex. Sup.Ct.J. 83 (November 3, 1982); *Smith v. Smith,* 620 S.W.2d 619, 624 (Tex.Civ.App.—Dallas 1981, no writ); *Bray v. Bray,* 618 S.W.2d 93, 96 (Tex.Civ.App.—Corpus Christi 1981, no writ). See also *Bellows v. Crow,* 557 S.W.2d 861, 862–3 (Tex.Civ.App.—Tyler 1977, writ dism'd).

■ In examining the record we find there was ample competent evidence to authorize the trial court to make its findings with respect to housing, utilities, food, day care, and religious and entertainment expenses, and to consider the difference in the cost of these expenses from 1976 to the time of trial. There was also evidence of the increased income of appellant from 1976 to the time of trial from his own testimony as well as from his tax returns, and such was competent evidence of his increased ability to pay support for his minor child. Generally, the trial judge is presumed to have considered only the evidence properly before the court, and reversible error is not present where there is ample evidence to support the findings. *City of Corpus Christi v. Krause,* 584 S.W.2d 325, 330 (Tex. Civ.App.—Corpus Christi 1979, no writ).

■ The trial court found that there had been a material and substantial change in circumstances with regard to the parents and the child, i.e., the income of appellant had significantly increased since the last order, and the expenses of appellee and the minor were significantly higher than at the time of the last order; the ability of appellant to pay child support had increased since the last order and he had the then present ability and capacity to pay the child support ordered, which amount was reasonable and necessary considering the needs, requirements and expenses of the minor child.

■ The primary circumstances to be considered in determining amount of child support are the ability of the parent to pay and the needs of the child. *Holt v. Holt,* 620 S.W.2d 650, 651 (Tex.Civ.App.—Dallas 1981, no writ). Points one through five, and points seven and eight are overruled.

■ In his point six appellant says the court erred in excluding from evidence exhibits R–2 and R–3 which were written memoranda of previous offers to compromise. We overrule this point. Offers of compromise are not admissible in evidence unless the compromise is completed. *Brannam v. Texas Employers' Ins. Ass'n.,* 248 S.W.2d 118, 119 (Tex.1952); *Siegler v. Telco Leasing, Inc.,* 593 S.W.2d 850, 852 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ). Appellant does not contend that such offer of compromise resulted in a completed contract, but offers it as an admission.

In points nine through fifteen and point twenty-one appellant contends that the trial court erred in finding as a fact or conclusion of law that since the last court order (9) there had been a material and substantial change in circumstances with regard to the parent and child; (10) the income of appellant at time of trial was significantly more than it was at the time of the last court order; (11) the expense of appellee and the minor child were significantly higher than at the time of the last court order; (12) the earning ability of appellant and his capacity and ability to pay child support had increased significantly since the entry of the last court order; (13) appellant had the present ability and capacity to pay the child support ordered; (14) appellee was entitled to an increase in child support as ordered by the court; (15) the child support ordered was reasonable and necessary taking into consideration the needs, requirements and expenses of the minor child, and appellant's ability and capacity to pay.

■ The contention made by appellant is that the evidence is legally and factually insufficient to support the findings and conclusions of the trial court, that such findings and conclusion are against the great weight and preponderance of the evidence,

and that the trial court used improper standards in making such findings and conclusions. In considering a challenge for legal sufficiency we must consider only the evidence and inferences tending to support the trial court's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). When we consider a factual insufficiency challenge we must consider all the evidence in deciding the question. *Garza v. Alviar, supra.*

The only issues before the court were whether there should be an increase in child support and in access to the minor by appellant. "The best interest of the child shall always be the primary consideration of the court in determining questions of . . . support and access to the child. In determining the best interest of the child, the court *shall consider* the circumstances of the parents." § 14.07, Tex.Fam.Code. The trial court has broad discretion in determining whether the burden of establishing a material change in circumstances of a minor or person affected by the decree to be modified has been met, and in deciding what change, if any, is warranted for support, and the trial court's decision will be reversed only if there has been an abuse of discretion. § 14.08(c)(2), Tex.Fam.Code; *Williams v. Williams,* 596 S.W.2d 245, 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Little v. Little,* 590 S.W.2d 620, 624 (Tex.Civ.App.—Tyler 1979, no writ); *Matter of Marriage of Stockett,* 570 S.W.2d 151, 153 (Tex.Civ.App.—Amarillo 1978, no writ). We conclude from the record that the trial court did not abuse its discretion in increasing the child support and changing the access to the minor child. We overrule points nine through fifteen and point twenty-one.

In points sixteen, seventeen, eighteen and nineteen appellant contends that the trial court erred in finding as a fact (16) that a significant amount of appellee's attorney's fees were caused by the lack of cooperation by appellant; (17) that a fee of $5,000 was a reasonable fee for appellee's attorney, taking into account the nature of the case, the time spent by the attorney, and his area of familiarity and expertise; (18) a fee of $5,000 was necessary to prosecute appellee's action for increased child support; (19) and finding as a matter of law that $3,000 was a fair amount of appellee's·attorney's fees to be assessed against appellant.

The awarding of attorney's fees in suits to change custody and other actions under the Texas Family Code affecting the parent-child relationship is within the sound discretion of the trial court. *Reyna v. Reyna,* 584 S.W.2d 926, 928 (Tex.Civ.App.— Houston [14th Dist.] 1979, no writ). The record reveals this case had been on file for more than a year; there were many motions filed and heard including motions to compel answers; there were motions for continuances. There was evidence in the record of the hourly rate charged by counsel, his credentials and expertise in family law, and the records kept, prepared and processed. We cannot say from the record before us that the trial court abused its discretion in setting the attorney's fees. Points sixteen through nineteen are overruled.

In points twenty and twenty-two appellant says the trial court abused its discretion in ordering an increase in child support (20) because the material and substantial change of circumstances were the result of appellee quitting a better paying job and taking a lesser paying job, and (22) in ordering appellant to pay $3,000 on appellee's attorney's fees because appellant had incurred $3,000 of his own to pay. The record discloses the great difference in income and ability to pay by appellant and appellee. In view of what we have said hereinbefore, we are of the opinion that the trial court did not abuse its discretion in ordering appellant to pay $3,000 on appellee's attorney's fees. These points are overruled.

Judgment of the trial court is affirmed.