OPINION OF THE COURT
Maurice E. Strobridge, J.
The plaintiff has moved for summary judgment against the defendants for a declaration that the lease between the parties provides that the defendants must either meet a purchase offer received by the plaintiff or terminate their lease and surrender the leased premises.
The undisputed facts are that the plaintiff’s now deceased husband owned a parcel of land adjoining Sodus Bay in the Village of Sodus Point. After her husband’s death, the plaintiff *267 obtained title to the premises. In November 1984 she and her husband entered into a lease of a portion of the shoreline with the defendants and two others, which lease was to commence on April 1, 1985 and to continue during the lifetimes of the tenants. The latter two tenants have since surrendered their rights under the lease pursuant to provisions in the lease allowing such surrender. Under the terms of the lease, prepared by the tenants’ attorney, the tenants were obligated to build a dock on the premises, in consideration of which there would be no rental payments for five years. Thereafter, the tenants would pay the base rent of $600 per year.
The tenants constructed the dock and there was no rental paid by them for the five-year period, until April 1990, when they began paying the required rental.
The lease contained the following clause: "Should the Landlord, during the lease term, elect to sell all or any portion of the leased premises, whether separately or as a part of the larger parcel of which the leased premises are a part, any Tenant herein shall have the right of first refusal to meet any bona fide offer of sale on the same terms and conditions of such offer. Upon the Tenants’ failure to meet such bona fide offer within thirty days after notice thereof from the Landlord, the Landlord shall be free to sell the premises or portion thereof to such third person, in accordance with the terms and conditions of his offer.” (Emphasis added.)
In May or June 1990 the plaintiff received a purchase offer for the entire premises, which offer provided that the conveyance was to be made free and clear of the lease. Notice was given to the defendants pursuant to the provisions of the quoted clause, and they declined to meet the purchase offer. The plaintiff maintains therefore that upon the conveyance of the real property, the lease is terminated. The defendants claim otherwise.
The court is thus faced with the necessity of interpreting the clause and first determining if it is unambiguous. There appears to be no New York decisional law helpful on the issue raised, and counsel have submitted decisions from other jurisdictions, as well as real property treatises, to bolster their respective positions.
The plaintiff cites a California and two Montana decisions, Garetson v Hester (57 Cal App 2d 39, 133 P2d 863), Pipkin v Connolly (167 Mont 284, 538 P2d 347), and Lunke v Egeland (46 Mont 403, 128 P 610), each of which hold that a tenant’s *268 failure to exercise an option to purchase terminated the lease. The defendants counter with California and Texas decisions, Sexton v Nelson (228 Cal App 2d 248, 39 Cal Rptr 407) and Golden Spread Oil v American Petrofina Co. (431 SW2d 50).
The cases cited by the plaintiff, however, seem to rest on the coupling of the right of first refusal with an express reservation of the right to sell on the part of the owner. They hold that since the owner retained the right to sell, which he obviously had without the clause, the language expressly reserving that right must have some other significance (i.e., that sale to a third party would terminate the lease). Here, not only is there no language in regard to cancellation of the lease in the event of sale to a third party, there is no "express reservation” of the right to sell by the owner.
Conversely, the decisions cited by the defendants hold that where an option provision in a lease merely gave the tenants a first option to purchase in the event the owners were able to sell and it did not require the tenants to purchase, nor provide that the lease would terminate upon sale to another, the lease did not terminate.
It does not seem reasonable that the language of the lease would allow the plaintiff, by means of a unilateral agreement with a third party, to arguably terminate the defendants’ leasehold rights immediately after the construction of the dock, or, conversely, for the defendants to have the unilateral right to terminate a lease upon a mere refusal to exercise an option to purchase the premises. Such a construction of the clause would appear to fly in the face of the contractual rights and obligations of each party.
The plaintiff argues that the words "in accordance with the terms and conditions of his offer” have particular significance in that, since the proposed purchaser specifically provided in his offer that it was subject to termination of the lease, the defendants are thereby bound. However, it is not reasonable to assume that a noncontractual party can, by such language, interfere with the defendants’ contractual rights under the lease.
The court finds that the language in the disputed clause is unambiguous, and further finds that the refusal of the defendants to exercise their right to purchase does not terminate their leasehold interest in the premises.
Accordingly, the motion by plaintiff for summary judgment is denied.