**W. P. MATTOX, Appellant,**

v.

**C. E. DAVIS et al., Appellees.**

No. 5988.

Court of Civil Appeals of Texas.

El Paso.

Jan. 22, 1969.

J. M. Preston, Richard D. Naylor, Pecos, for appellant.

Johnson & Dionne, Hart Johnson, Fort Stockton, John F. Tomlin, Pecos, for appellees.

## OPINION

PRESLAR, Justice.

This was a suit filed by the appellant, based upon a written lease contract between appellant and appellee, C. E. Davis, extending for a term of five years, but with a provision for termination at the end of any calendar year by notice given by December 1st. The appellees other than Davis were purchasers of the leased property during the second year of the lease.

The appeal is from an order of the trial court granting defendants' motion for summary judgment. We affirm on the basis that the written lease was not enforcible as a matter of law.

Davis leased to Mattox "all of the acres allotted for cotton each year during the term of this lease by the county A.S.C. committee" on some 2400 acres owned by Davis and fully described in the lease. The lease provided that Davis would receive the consideration of one-third of the cotton produced, and it spelled out the obligations of the parties as to the furnishing of irrigation water, maintenance of the irrigation facilities, and payment of expenses in producing and harvesting the crops. The first year allotment of some six hundred thirty acres was farmed by Mattox, but prior to the second year the parties experienced differences which led to this suit. Mattox alleged that he was ready and willing to continue under the lease but was prevented from doing so by Davis, without notice as required, and that he was entitled to recover his expected profits for the second year.

The lease contained the following provision:

"It is agreed that the Lessor and Lessee shall mutually select each year the tract of land out of the above described lands whereon the Lessee shall plant the acres allotted to cotton for such year."

It is our opinion that this provision is unenforcible and therefore the trial court was correct in granting the defendants' motion for summary judgment. The conclusion is inescapable that the cited provision is an agreement to make an agreement in the future—that the parties "shall mutually select each year the tract of land * * *" Argument is presented as to whether this was an essential element of the lease contract; and it is pointed out that is was important to the land owner to

**310**

have the crops rotated, and that it was important to the grower to plant on the best soil, the closest to the irrigation wells, and the most easily irrigated surface. Regardless of such considerations outside the written terms, it remains as a fact that the parties considered the matter of sufficient importance that they reached an understanding as to how it would be determined and made it a part of their written agreement. The property was leased "for the purpose of farming", and that purpose could not be effected if the parties failed to agree on the location of "the acres allotted for cotton"—the subject of the lease. Mutual selection of the tract would be agreement by both on a particular tract, and there is no way either can force the other to agree; and until they agreed, there was no legal obligation. As indicated, the location of the tract is an essential part of the contract. A general rule of contract law is that where any essential term of a contract is left open for future negotiations, there is no binding contract. 17 Amer.Jur.2d Sec. 26, p. 362; 13 Tex.Jur. 2d Sec. 14, p. 127; Hume v. Bogle, Tex. Civ.App., 204 S.W. 673 (n. w. h.); Engelman, Inc. v. Sanders Nursery Co., Tex.Civ. App., 140 S.W.2d 500, 504 (wr. ref.); Page & Wirtz Constr. Co. v. Van Doran Bri-Tico Co., Tex.Civ.App., 432 S.W.2d 731 (n. w. h.); Horn v. Builders Supply Co., Tex. Civ.App., 401 S.W.2d 143 (ref. n. r. e.).

■ Appellant urges that a fact question is presented in that his pleadings contain an allegation that he contacted the appellee and advised him that he was willing to plant the cotton on any acreage which he might select. There was no proof of this matter offered in the affidavits, depositions or papers filed as provided by the summary judgment rule, Rule 166–A, Texas Rules of Civil Procedure. The pleading alone is not sufficient to create a fact question. It is not the character of proof required under the rule.

The judgment of the trial court is affirmed.