Siggi SCHLUSSELBERG, Appellant,

v.

Louis J. RUBIN et al., Appellee.

No. 6135.

Court of Civil Appeals of Texas, El Paso.

March 10, 1971.

Rehearing Denied April 7, 1971.

Peticolas, Luscombe, Stephens & Windle, John B. Luscombe, Jr., El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, Morris A. Galatzan, William T. Kirk, Jr., El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit for declaratory judgment to construe a renewal option provision of a lease agreement between the parties. Appellant is the lessee, and appellees are lessors. The court, sitting without a jury, declared the paragraph in question to be void and unenforceable as to either party. We affirm.

■ ■ The lease agreement provided that it was to commence on the first day of June, 1965, and was to end on the 31st day of May, 1970. It was on a printed form with blank spaces filled in by typewriter. The only provision relating to any renewal or extension of the lease was the paragraph in question, which was typewritten, and provided:

"22A It is hereby agreed Lessee is given first refusal to renew this lease at a price to be agreed upon or to meet any bona-fide offer. Said option to be given Lessor's Agent in writing six (6) months prior to the expiration of this lease."

It is our opinion that this provision is unenforceable in that it is not definite and certain, but rather leaves something to be agreed upon at a later date. It is an agreement to make an agreement in the future—"a price to be agreed upon". The price to be paid was an essential part of the contract. A general rule of contract law is that where any essential term of a contract is left open for future negotiations, there is no binding contract. 17 Am.Jur.2d § 26, p. 362; 13 Tex.Jur.2d § 14, p. 127; Hume v. Bogle, Tex.Civ.App., 204 S.W. 673 (n.w.h.); J. C. Engelman, Inc. v. Sanders Nursery Co., Tex.Civ.App.,

140 S.W.2d 500 (wr.ref.); Page & Wirtz Constr. Co. v. Van Doran Bri-Tico Co., Tex.Civ.App., 432 S.W.2d 731 (ref. n.r.e.); Horn v. Builders Supply Company of Longview, Tex.Civ.App., 401 S.W.2d 143 (ref. n.r.e); Mattox v. Davis, Tex.Civ.App., 437 S.W.2d 308 (n.w.h.). Appellant argues that the word "renew" means to do it again—do the same thing again. That could be true as to all other terms of the contract, but as to the rental—the price to be paid—that was specifically left open "to be agreed upon". We fail to see how the "or" provision, "or to meet any bona-fide offer", adds to the certainty, or removes the uncertainty, of. the contract, or provides any criteria for fixing the rent; and the record does not reflect that any action occurred to invoke that provision. No contention is made that there was a bona fide offer and an attempt by the lessee to meet it.

A renewal covenant in a lease which leaves the renewal rental to be fixed by future agreement between the parties has generally been held unenforceable and void for uncertainty and indefiniteness. 50 Am.Jur.2d, Landlord and Tenant, § 1165, p. 49. There is, however, considerable authority that such a provision is not invalid since upon failure of the parties to agree, the amount will be fixed by the court at what is reasonable. Hall v. Weatherford, 32 Ariz. 370, 259 P. 282, 56 A.L.R. 903, is a strong case which is representative of such authorities. A strong case for the contra view, which we share, is the 1964 decision of the Court of Appeals of Kentucky, in Walker v. Keith, Ky., 382 S.W.2d 198. Only two Texas cases have touched on the question, and neither can be cited as clear authority on the precise question. In Street-Whittington Co. v. Sayres, (Tex.Civ.App. 1915), 172 S.W. 772, n.w.h., the lessor was trying to hold the lessee to another term under a clause, "at the end of this contract, party of the second part (lessee) shall have refusal of same property for twelve months longer". The decision was that the case should be remanded for determination of the question of whether lessee had exercised the op-

tion by holding over for a period of time. The court construed the clause as giving the lessee the election to renew the lease upon the same terms and conditions, including the same rental. The court said, however, "The rent for which the premises should be had for the 12 months succeeding the end of the term stipulated in the contract is not specifically named, and a contract to be renewed upon such terms as might be agreed upon would be uncertain, and for that reason unenforceable." Pickrell v. Buckler, Tex.Civ.App., 293 S.W. 667, was decided by this court in 1927, and held that a provision for extension for five years on same terms and " 'at the price the party of the first part (lessor) is willing to rent to any one else' ", was void for uncertainty as dependent entirely upon the lessor's will. The option to renew had already been exercised once, and it was also held that there was no further right to renew. The Supreme Court, in a brief per curiam opinion, 116 Tex. 567, 296 S.W. 1062, said: "We are not inclined to the view that the covenant to renew in the original lease was void for uncertainty." It then affirmed the case on the ground that there was no right to renew more than the one time.

As indicated, we do not view these cases as controlling of the cause before us, where the lessor had the first refusal at a price "to be agreed upon". As said in Williston on Contracts, 3rd Ed., Vol. 1, § 45, p. 149:

"Although a promise may be sufficiently definite when it contains an option given to the promisor or promisee, yet if an essential element is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement.

Since either party, by the very terms of the promise, may refuse to agree to anything to which the other party will agree, it is impossible for the law to affix any obligation to such a promise."

And again quoting from Williston on Contracts, 3rd Ed., Vol. 1, § 37, p. 107:

"It is a necessary requirement in the nature of things that an agreement in order to be binding must be sufficiently definite to enable a court to give it an exact meaning."

The exact meaning of the clause before us is that the parties agreed to agree upon a rental price. It is impossible for the court to affix any obligation to such a promise.

The judgment of the trial court is affirmed.