**Mary Sandoval STEPHENSON, Appellant,**

v.

**C. D. CHRISMAN, Appellee.**

No. 15536.

Court of Civil Appeals of Texas, San Antonio.

May 26, 1976.

John C. Mullen, Alice, for appellant.

Patrick G. Rehmet, Grose & Erck, Alice, for appellee.

KLINGEMAN, Justice.

This is a case involving the validity of an option to renew in a lease contract. Appellant, Mary Sandoval Stephenson, appeals from a judgment decreeing that the lease agreement entered into between appellant as lessor and appellee, C. D. Chrisman, as lessee, contains a renewal provision that is valid and enforceable, and that appellee

exercised the option granted therein to renew for an additional five years in the manner and time required by the lease, and declaring the lease renewed and extended for an additional five-year term subject to payment to appellant of the sum of $3.50 per acre per year.

By two points of error appellant asserts that the trial court erred (1) in ruling that the provision in the lease purporting to give the lessee an option to renew was valid and enforceable; (2) in purporting to set the amount of the renewal rental.

The option to renew provision reads as follows:

> The term of this lease shall be for five (5) years, beginning the 1st day of June, 1970 and ending the 31st day of May, 1975, and with Lessees to have the option to re-lease for an additional five-year term upon such money rents as may be agreed upon by the parties but not more than the sums for which same could be leased to a bona fide lessee.

The trial court made extensive findings of fact and conclusions of law which we do not deem necessary to set forth in full herein.[1]

The tract here involved contains 132.3 acres, with the agreed rental being $132.30 per year. There is testimony that the leased premises contain approximately 65 acres in brush, and the rest in permanent grass planted by appellee. There is also testimony as to other improvements made by appellee on the leased premises during the initial five-year term of the lease. There is testimony by two ranchers as to a reasonable rental value of the premises, with one rancher testifying that, based upon his experience, he believes the average going rental price for such lease would be $2.50 per acre and another rancher testifying that a reasonable rental value for the lease in question would be about $1.50 per acre for the brush and about $4.00 to $5.00 for the coastal grass.

In support of her contention that the option to renew is void and unenforceable, appellant relies in chief on two cases: *Schlusselberg v. Rubin*, 465 S.W.2d 226 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.); *Pickrell v. Buckler*, 293 S.W. 667 (Tex. Civ.App.—El Paso), writ ref'd, 116 Tex. 567, 296 S.W. 1062 (1927), which she asserts are the only two Texas cases touching directly on the matter here involved.

The renewal provision in *Schlusselberg* reads as follows:

> It is hereby agreed Lessee is given first refusal to renew this lease at a price to be agreed upon or to meet any bona-fide offer. Said option to be given Lessor's Agent in writing six (6) months prior to the expiration of this lease.

The court stated:

> It is our opinion that this provision is unenforceable in that it is not definite and certain, but rather leaves something to be agreed upon at a later date. It is an agreement to make an agreement in the future—'a price to be agreed upon'.

The option to renew involved in *Pickrell* reads as follows:

> At the expiration of the 7 years' lease, the parties of the second part are to have the option for a new 5-year lease on either the ground floor and basement or the entire building, as the parties of the second part may elect, at the price the party of the first part is willing to rent to any one else. If the parties of the second part desire such new lease, they must give notice of such desire in writing, at least 6 months before the expiration of said 7 years.

The Court of Civil Appeals in discussing said option provision stated:

> to agree upon a reasonable rental for the renewal term, with the court finding that the failure of the lessor to ascertain what rental could be paid by a bona fide lessee was in bad faith, since the rental was ascertainable; and a finding that a reasonable rental for the renewal term was $3.50 per acre per year.

---

1. Some of the findings of fact relate to a contention made by appellee that, in consideration for the option to renew the lease, he agreed to make substantial improvements to the leased premises, with the court finding that he made such improvements in reliance on such option; others that the lessee made a good faith effort

A covenant to renew which fails to fix the rental for the renewal term is void for uncertainty unless the contract, expressly or by reasonable implication, provides a method whereby the rent may be fixed, thereby making certain that which was uncertain. * * * While the question is not free from doubt, we conclude the covenant to renew was void for uncertainty.

However, it is clear from a reading of the entire opinion in *Pickrell* that the lease involved had been previously renewed for an additional term of five years under the option to renew provision contained in the lease, with the court holding that a covenant to renew a lease at the expiration of the term is satisfied by one renewal.

The Supreme Court, in a per curiam opinion, in *Pickrell v. Buckler*, supra, stated:

We are not inclined to the view that the covenant to renew in the original lease was void for uncertainty.

We conclude, however, that under the writings executed by the parties the plaintiffs in error had no right or option to renew the lease more than the one time.

The Court of Civil Appeals having therefore entered the correct judgment, the writ of error will be refused, regardless of our failure to concur in all that is said in the opinion.

In other jurisdiction there is a division of authority as to the validity of a provision for renewal or extension of a lease which fixes all the terms for the renewal or extension, but which leaves the rent to be fixed by future agreement by the parties. There are a number of jurisdictions which support the view that a provision in a lease for renewal or extension of the lease at a rental to be fixed by the parties in the future is invalid and unenforceable, at least where the provision does not specify any guidelines or methods for the fixing of rent. There are also a number of jurisdictions supporting the view that a provision in a lease for the renewal and extension of the lease at a rental to be fixed by subsequent agreement of the parties is valid and enforceable. There are also a number of cases supporting the view that a provision in a lease for the renewal of the lease at a rental to be fixed by subsequent agreement of the parties is valid where the provision specifies some guidelines or methods for the fixing of the rent. See 58 A.L.R.3d, 500, Renewal Of Lease—Rental To Be Agreed Upon.

The problem here involved is that irrespective of which view we accept, this case must be reversed. It is clear that appellant and appellee could not agree on a renewal rental. Appellee must and does, therefore, rely on the other provision of the option to renew, "but not more than the sums for which same could be leased to a bona fide lessee." The only proof adduced as to a renewal rental was what the reasonable rental would be. There is absolutely no evidence as to the sum for which said premises could be leased to a bona fide lessee. Moreover, the court found that a reasonable rental would be $3.50 per acre per year, with no finding as to what the premises could be leased to a bona fide lessee. While the evidence might justify a finding that $3.50 per acre was a reasonable rental, such finding does not conform to the option provision.

The judgment is reversed and remanded for a new trial.