Joseph KAPLAN, Trustee, Appellant,

v.

Katherine FLOETER, Trustee, et al., Appellees.

No. 01–82–0404–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 3, 1983.

Rehearing Denied Aug. 11, 1983.

Henry A. Popkin, Michael P. Kessler, William C. Reiff, Houston, for appellant.

Bruce S. Powers, Houston, for appellees.

Before EVANS, C.J., and DUGGAN and DOYLE, JJ.

## OPINION

DOYLE, Justice.

This appeal is from a declaratory judgment arising out of a controversy involving the construction of the renewal portion of a lease agreement. Originally, the premises were leased to Joseph Beyer by Katherine K. Floeter, Trustee, and Elliott G. Floeter, III. By assignment, Joseph Kaplan became the real party in interest and intervened in the lawsuit as the lessor.

The parties filed a joint stipulation of facts which stated that the appellee, Joseph Beyer, is the lessee and that the appellant, Joseph Kaplan, Intervenor, is the lessor under the lease agreement by virtue of assignments; that the lease agreement is the complete and only agreement with respect to the premises described in the lease; and that the appellant agreed to repair structural elements on the premises if the agreement should be held to be enforceable.

The parties asked that the trial court address these five issues: (1) whether the lease is enforceable; (2) the rental value under the lease agreement for five years should the court find the lease enforceable; (3) possession of the premises if the lease is unenforceable; (4) attorney's fees; (5) whether wrongful eviction has occurred; and, if so, the damages resulting therefrom.

The trial court filed findings of fact and conclusions of law stating that the lease

agreement was valid and enforceable and that the rental value was the fair market value of $1400 per month from April 1, 1981 through March 30, 1986. There was no finding as to whether a wrongful eviction had occurred. The issue of attorney's fees was severed and a partial new trial was granted as to that determination. Judgment was rendered in favor of Joseph Beyer, the current lessee, in accordance with the foregoing findings.

By two points of error, the appellant contends that the court erred in finding that the renewal provision of the lease agreement extended the terms of the lease from April 1, 1981 through March 30, 1986, arguing that its finding is not supported by competent evidence and is so against the overwhelming weight of the evidence as to be clearly and manifestly wrong.

The lease agreement provided:

*Right of First Refusal.* Before thirty (30) days prior to expiration of the primary term, Lessee shall have the absolute and irrevocable right to lease said premises for an additional term of five (5) years upon the same terms and conditions, except that the monthly lease payments shall be increased to an amount mutually acceptable to the parties hereto; or in the event the parties hereto are unable to mutually agree to said new lease payment amount, Lessee shall, for a period of thirty (30) days after Lease termination, have the right of first refusal to release said leased premises upon like terms, conditions and amounts as submitted to and acceptable to Lessor by written offer of a third party.

Although a lease will be most strongly construed against the lessor, *Sirtex Oil Industries, Inc. v. Erigan,* 403 S.W.2d 784 (Tex. 1966), our courts have held that a covenant to renew that leaves the renewal rate to be decided by the parties in the future is unenforceable and void for uncertainty and indefiniteness *Schlusselberg v. Rubin,* 465 S.W.2d 226 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.); In *Schlusselberg,* the renewal agreement stated:

It is hereby agreed Lessee is given first refusal to renew this lease at a price to be agreed upon or to meet any bona-fide offer. Said option to be given Lessor's Agent in writing six (6) months prior to the expiration of this lease.

Although stated in fewer words and without the "absolute and irrevocable right" wording, this option is basically the same as in the case before us, both providing for renewal upon mutual agreement or by meeting a third party's offer.

In his brief and oral argument, the appellee attaches significance to the lease wording which states: "Lessee shall have the absolute and irrevocable right to lease said premises for an additional term of five (5) years..." However, this phrase and its wording is immediately qualified, conditioned, and limited by the word "except", followed by the provisions which must be met before the "absolute and irrevocable right to lease" has any meaning.

It is undisputed that there were no provisions for determining a new rental rate for the extension of the lease and that neither of the two provisions for renewal ever occurred. We have noted the appellee's argument to the effect that the lease provides a means for determining an appropriate rental amount for the extended term of the lease. The appellee would have this court interpret that the provision granting the appellee an "absolute and irrevocable right" to renew the lease, to mean that the trial court may determine a reasonable rental rate where the parties cannot mutually agree. This we cannot do.

There are instances in lease renewal agreements where no stated amount of the renewal rental is given. We agree with the authorities cited by the appellee which hold that the parties are bound by a renewal provision which does not specifically state the exact renewal rate if it contains language whereby a specific amount may be determined. For example, in *Red Oak Fishing Club v. Harcrow,* 460 S.W.2d 151 (Tex.Civ.App.—Waco 1970, no writ) the recital stated that the lease was renewable "upon receipt of the *above agreed amount."*

(emphasis added) In *Watley v. Vergott,* 561 S.W.2d 925 (Tex.Civ.App.—Ft. Worth 1978, no writ) a renewal option was silent as to the terms of renewal, and the court held that the language implied that the renewal or extension should be based upon the same terms as in the original lease. In *Aycock v. Vantage Management,* 554 S.W.2d 235, 236 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) the court had before it the following language:

> The rental for the renewed term shall be based on then prevailing rental rates for properties of equivalent quality, size, utility and location, with the length of the Lease term and credit standing of the Lessee to be taken in account.

The court held their language provided a definite standard from which the rental rate could be ascertained. In *Parham v. Glass Club Lake, Inc.,* 533 S.W.2d 96 (Tex. Civ.App.—Texarkana 1976, writ ref'd n.r.e.) an option to renew "upon like terms and conditions of this lease," was interpreted to mean that the lessees could renew at the same price provided for in the original lease. All of these cases are distinguishable. In the case before us, the terms of renewal are succinctly set out. By failing to agree in accordance with such terms, an essential element of the contract failed, thereby rendering the renewal provision void. The appellant's first point of error is sustained.

The appellant next complains that the trial court erred in finding the fair market value of the leased premises to be $1,400 per month, arguing that the court did not consider the highest and best use of the property.

■ The measure of damages ordinarily applicable for a wrongful holdover of a lease is the reasonable value of the use of the land for the time the tenant held over. *Whitfield v. Gay,* 253 S.W.2d 54 (Tex.Civ. App.—Eastland 1952, no writ) and the cases cited therein.

■ The evidence shows that the appellee used the premises as a sandwich shop. It also shows that the appellee's expert witness testified to the use of the premises as a sandwich shop and found the rental value to be $1320 per month. There was evidence from appellant's expert witness tending to support a $1400 per month rental fee which the court fixed. There was sufficient evidence to support the court's findings. We overrule the appellant's second point of error.

In his crosspoint, appellee contends that the trial court erred in concluding that the rental rate should not remain at $600 per month. We overrule this crosspoint for the reasons already stated.

The judgment of the trial court is reversed and judgment is here rendered that the subject lease is void and unenforceable; that the appellant be granted a writ of possession; that the appellee, Joseph Beyer, be ordered to pay to the appellant, Joseph Kaplan, all hold-over rentals due based upon the rate of $1400 per month, from and after April 1, 1981; and that all costs herein incurred be assessed against the appellee, for which let execution issue.