**STANDARD CONTAINER CORPORATION,**
**Appellant,**

v.

**DRAGON REALTY, and Crow Dallas Industrial, Inc., d/b/a Trammell Crow Company, Appellees.**

**No. 05–83–01194–CV.**

Court of Appeals of Texas, Dallas.

Nov. 15, 1984.

Rehearing Denied Dec. 14, 1984.

William M. Jones, Dallas, for appellant.

Aimee Hess, Dallas, for appellees.

Before CARVER, ROWE and SHUMPERT, JJ.

ROWE, Justice.

Standard Container Corporation appeals from a judgment entered against it, as tenant, in favor of Dragon Realty and Crow Dallas Industrial, Inc., d/b/a Trammell Crow Company, as landlord, in a case tried non-jury for recovery of rentals on premises which Standard continued to occupy following expiration of the term of a written lease agreement. In a sole point of error, Standard contends that the trial court erred in setting the monthly holdover rental rate at reasonable market value. We disagree with this contention and affirm the trial court's judgment.

The trial judge made findings of fact and conclusions of law pertinent to this appeal as follows: (1) Dragon and Crow did not consent to the holdover of the premises by Standard after expiration of the lease; (2) the lease did not authorize Standard's holdover of the premises; (3) Standard's use or occupancy of the premises after expiration of the lease constituted an unauthorized holding over of the premises; (4) the reasonable market value of the premises for the holdover period was $8,317.00 per month; and (5) Standard is obligated to Dragon and Crow for the reasonable market value of the premises during the holdover period, less off-setting credits.

Standard argues that the lease agreement contained a provision setting the rental rate for any holdover period, and that this provision superseded the general rules governing the amount of rent for holdover tenancies. The paragraph of the

lease agreement relied upon by Standard reads as follows:

15. *Holding Over.* Should Tenant, or any of its successors in interest, hold over the premises, or any part thereof, after the expiration of the term of this lease, unless otherwise agreed in writing, such holding over shall constitute and be construed as a tenancy from month to month only, at a rental equal to the rental payable for the last month of the term of this lease plus twenty per cent (20%) of such amount. The inclusion of the preceding sentence shall not be construed as Landlord's permission for Tenant to hold over.

The parties dispute the effect which the last sentence of paragraph 15 has on the landlord's remedies. Standard contends that the sentence converts paragraph 15, regardless of the landlord's permission, into an exclusive remedy in the nature of liquidated damages, to be measured by the increased rentals therein provided. Dragon and Crow contend the sentence makes paragraph 15 applicable only if Dragon and Crow consent to Standard's holding over after expiration of the lease. We cannot agree entirely with either contention. We find in the sentence a clear intent to reserve to the landlord the right to refuse the tenant permission to hold over and to preserve for the landlord's benefit all remedies otherwise available, either under the lease or at law, which arise in the absence of permission. Paragraph 15 thus becomes an alternate, rather than an exclusive, remedy in the event of Standard's wrongful holdover of the premises.

■ The evidence in the record clearly supports the trial court's finding that Dragon and Crow did not consent to the holdover. After Standard informed Dragon and Crow that it wished to remain in the premises for a short period of time after the lease expired, Dragon and Crow orally and by letter proposed a month-to-month tenancy at a rental of $8,317.00 per month if Standard planned to stay. The letters also informed Standard that if that proposal was not acceptable, Standard would be expected to vacate the premises on the date of expiration of the original lease. Standard did not respond to this proposal except to question why the rent was not the amount provided in paragraph 15 of the lease. Dragon and Crow explained that the lease provision was inapplicable since they did not consent to a holdover on those terms. Although no agreement was reached as to terms, Standard continued to occupy the premises for approximately three months, paying only the amounts which would have been due under paragraph 15 for two of those months. Although Standard's account was credited with its security deposit and the two payments it made, Dragon and Crow continued to invoice Standard for the difference in the amount credited and the market rental value for the months the premises were occupied after the lease expired and demanded that Standard vacate the premises.

■ By failing to comply with its obligation under the lease to vacate the premises upon termination of the lease, Standard was in default; and therefore, in wrongful possession. *See State v. City National Bank of Austin,* 603 S.W.2d 764, 765 (Tex.1980) and 49 Am.Jur.2d *Landlord & Tenant* § 1115 (1970). In addition to three specific remedies for default ("default" being defined in paragraph 17 of the lease to include the tenant's failure "to comply with any term, provision or covenant" of the lease), paragraph 18 of the lease provides that Dragon and Crow are not precluded from pursuing any other remedies provided by law.[1] The remedies

1. Paragraph 18 reads as follows in pertinent part:

18. Remedies. Upon the occurrence of any of such events of default described in Paragraph 17 hereof, Landlord shall have the option to pursue any one or more of the following remedies without any notice or demand whatsoever:
(a) Terminate this lease, ...
(b) Enter upon and take possession of the premises....
(c) Enter upon the premises by force if necessary....

**48**

provided by law when a tenant holds over include a forcible detainer action to recover possession of the premises and an action for recovery of damages in a court of competent jurisdiction. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 309 (1935); *Dews v. Floyd*, 413 S.W.2d 800, 805 (Tex. Civ.App.—Tyler 1967, no writ); and TEX. PROP.CODE ANN. § 24.008 (Vernon 1984). Since Dragon and Crow had already recovered possession at the time suit was filed in the court below, the remedy it sought was recovery of damages for the wrongful holdover. In an action for damages for a tenant's wrongful holdover of a lease the landlord's proper measure of damages is the reasonable market value of the use of the land for the time the tenant held over. *Kaplan v. Floeter*, 657 S.W.2d 1, 3 (Tex.App.—Houston [1st Dist.] 1983, no writ) and *Whitfield v. Gay*, 253 S.W.2d 54, 56 (Tex.Civ.App.—Eastland 1952, no writ).

Based on the foregoing, we hold that the trial court correctly set the damages for the wrongful holdover of the premises at reasonable market value. Accordingly, appellant's ground of error is overruled.

 Dragon and Crow request in a crosspoint that this court award a penalty of ten percent of the amount of the judgment because this appeal was taken solely for delay, or alternatively, without sufficient cause. In support of this request, Dragon and Crow cite TEX.R.CIV.P. 438 (Vernon 1967), which imposes a mandatory duty on this court to assess such a penalty if we find that an appeal was taken for delay *and* that there was no sufficient cause. Although we have overruled Standard's point of error, we find that the record does not justify the conclusion that the appeal was solely for the purpose of delay, and consequently do not agree that Standard should be penalized for asserting its right to appeal. *International Ins. Co.*

\* \* \* \* \* \*

*Pursuit of any of the foregoing remedies shall not preclude pursuit of any of the other remedies herein provided or any other remedies provided by law,* [emphasis added] nor shall pursuit of any remedy herein provided

*v. Hernandez*, 659 S.W.2d 922, 925 (Tex. App.—Corpus Christi 1983, no writ). Appellee's crosspoint is overruled.

Affirmed.

constitute a forfeiture or waiver of any rent due to Landlord hereunder or of any damages accruing to Landlord by reason of the violation of any of the terms, provisions and covenants herein contained.