**Ellis ALDRIDGE, Appellant,**

v.

**Marshall YOUNG and Tolbert Yater III, Appellees.**

**No. 2–84–212–CV.**

Court of Appeals of Texas, Fort Worth.

May 16, 1985.

John T. Chidgey and Walter E. Steimel, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, and Jack C. Wessler and J. Robert Forshey, Fort Worth, for appellees.

## OPINION

HILL, Justice.

In this suit for declaratory judgment, Ellis Aldridge appeals from a summary judgment declaring that the leases under which he had occupied his business premises had terminated and were not presently valid and enforceable, and denying him any recovery in his countersuit for damages, for specific performance of the leases and possession of the premises subject to the leases. He urges in his sole point of error that the trial court erred in granting the summary judgment since the lease agreements in question are valid and enforceable.

We reverse and remand, because we find that the summary judgment evidence failed to establish as a matter of law that the lease agreements in question are invalid and unenforceable.

In a summary judgment case, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises a fact issue with reference to the essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970). *See also* TEX.R.CIV.P. 166–A. The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176, 178 (Tex.1972); *Goodwin v. Texas General Indemnity Co.*, 657 S.W.2d 156, 159–60 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

The provisions of TEX.R.CIV.P. 166–A are applicable both to plaintiffs and defendants who move for summary judgment. The judgment sought should be granted, and if granted should be affirmed, only if the summary judgment record establishes the movant's right thereto as a matter of law. *Gibbs*, 450 S.W.2d at 828. The movant establishes his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

Aldridge leased the premises in question under two written leases between himself and the owners of the Thannisch Building, where the premises are located. The first lease was executed in June, 1974, and the second in December, 1974. These leases were for a five-year term ending May 31, 1979. Addendum Three of both leases provided for renegotiation of the leases within fifteen (15) days or before the 16th day of May, 1979, and further provided a formula for increasing rent after the expiration of the lease.

These original leases each contained three addenda. The June, 1974 lease contained the following addenda:

ADDENDA TO AGREEMENT OF LEASE BETWEEN THE OWNERS OF THE THANNISCH BUILDING AND ELLIS ALDRIDGE

*ADDENDUM ONE:*

That the Lessee shall be responsible for any willful or unwillful abuse or damage to the fire sprinkler system except that caused by fire; otherwise, the Lessor is responsible for the maintenance of the fire sprinkler system and building roof to keep each in the proper protective order.

*ADDENDUM TWO:*

a. That the Lessor will purchase customary standard fire insurance protection on the building structure.

b. That the Lessor shall not be liable to Lessee or to Lessee's employees, patrons, or visitors for damage to person or property caused by fire, water, or acts of God.

*ADDENDUM THREE:*

a. The lease shall be renegotiated within fifteen (15) days or before the 16th day of May A.D. 1979.

b. The Lessor has option to increase lease rate up to but not to exceed thirty percent (30%) of base rate of last year of expiring lease, the base rate being three thousand and no dollars ($3,000.00).

The December, 1974, lease contained the following addenda:

ADDENDA TO AGREEMENT OF LEASE BETWEEN THE OWNERS OF THE THANNISCH BUILDING AND ELLIS E. ALDRIDGE: RE: 2454 N. MAIN STREET

*ADDENDUM ONE:*

A. That the Lessee shall be responsible for any willful or unwillful abuse or damage to the fire sprinkler system except that caused by fire; otherwise, the Lessor is responsible for the maintenance of the fire sprinkler system and building roof to keep each in the proper protective order.

B. The Lessee shall paint the walls and ceiling, repair or replace the ceiling lighting fixtures, install sanitary and serviceable toilet and lavatory, and replace front door screening and broken glass window panes with in [sic] sixty (60) days of the beginning date of lease term.

*ADDENDUM TWO:*

A. That the Lessor will purchase customary standard fire insurance protection on the building structure.

B. That the Lessor shall not be liable to Lessee or to Lessee's employees, patrons, or visitors for damage to person or property caused by fire, water, or acts of God.

*ADDENDUM THREE:*

A. The lease shall be renegotiated within fifteen (15) days before the expiration date or before the 17th day of November A.D.1979.

B. The Lessor has the option to increase lease rate up to but not to exceed thirty (30) percent of base rate of last year of expiring lease, the base rate being nine hundred sixty and no dollars ($960.00).

In 1976, Aldridge and the Thannisch owners entered into subsequent addenda to the two leases. The 1976 addenda to the June, 1974 lease are as follows:

ADENDA [sic] TO AGREEMENT OF LEASE BETWEEN THE OWNERS OF THE THANNISCH BUILDING AND ELLIS E. ALDRIDGE RE: 105 AND 107 EAST EXCHANGE AVENUE

*ADDENDUM ONE:*

A. That the Lessee shall be responsible for any willful or unwillful abuse or damage to the fire sprinkler system except that caused by fire; otherwise, the Lessor is responsible for the maintenance of the fire sprinkler system and building roof to keep each in the proper protective order.

B. That the Lessee will make the following modifications before the 31st day of May, A.D.1979: The remodeling will cost an estimated $18,000.00:

1. Rental space 107 E. Exchange is to be remodeled for retail outlet, showroom, and office. The walls are to be paneled and floors refinished or recovered in the decor selected by the Lessee.

2. Rental space 105 E. Exchange is to be converted into a hat finishing area.

3. Doors are to be made in the walls separating 105 and 107 E. Exchange,

107 E. Exchange and 2452 N. Main, and 2452 and 2454 N. Main.

4. The existing door at back of 105 E. Exchange will be widened.

5. On completion of remodeling, proof of cost shall be furnished lessor.

*ADDENDUM TWO:*

A. That the Lessor will purchase customary standard fire insurance protection on the building structure.

B. That the Lessor shall not be liable to Lessee or to Lessee's employees, patrons, or visitors for damage to person or property caused by fire, water, or acts of God.

*ADDENDUM THREE:*

A. The lease shall be renegotiated within fifteen (15) days or before the 16th day of May A.D.1994.

B. The Lessee has the option to extend this lease for an additional ten (10) years making a total of Twenty (20) years option. This additional option of ten (10) years may be exercised only if modifications in Addendum One B have been accomplished.

These adenda [sic] supersede adenda [sic] dated 1st day of June, A.D.1974.

The 1976 addenda to the December, 1974 lease are as follows:

ADDENDA TO AGREEMENT OF LEASE BETWEEN THE OWNERS OF THE THANNISCH BUILDING AND ELLIS E. ALDRIDGE: RE: 2454 N. MAIN STREET

*ADDENDUM ONE:*

A. That the Lessee shall be responsible for any willful or unwillful abuse or damage to the fire sprinkler system except that caused by fire; otherwise, the Lessor is responsible for the maintenance of the fire sprinkler system and building roof to keep each in the proper protective order.

B. The lessee shall paint the walls and ceiling, repair or replace the ceiling lighting fixtures, install sanitary and serviceable toilet and lavatory, and replace front door screening and broken glass window panes within sixty (60) days of the beginning date of lease term.

*ADDENDUM TWO:*

A. That the Lessor will purchase customary standard fire insurance protection on the building structure.

B. That the Lessor shall not be liable to Lessee or to Lessee's employees, patrons, or visitors for damage to person or property caused by fire, water, or act of God.

*ADDENDUM THREE:*

A. The lease shall be renegotiated within fifteen (15) days before the expiration date or before the 17th day of November, A.D.1994.

B. The lessee has the option to extend this lease for an additional fifteen (15) years.

These addenda supersede addenda dated the 1st day of December, A.D.1974.

Originally the Thannisch owners brought suit, after the expiration of the primary term of the two leases, and sought a declaratory judgment that the leases were invalid and unenforceable. Aldridge countersued for specific performance, damages and possession of the premises. Owners obtained a summary judgment in their favor on April 22, 1982, while Aldridge's motion for summary judgment was denied. After the trial court had granted the motion for summary judgment, the Thannisch owners conveyed the property to Tolbert F. Yater III and J. Marshall Young, the appellees herein. On March 1, 1984, this court reversed the summary judgment which had been granted in favor of the Thannisch owners. Upon remand, Yater and Young intervened, seeking the same relief as had the Thannisch owners. Aldridge amended his answer and named them as third-party defendants.

Yater and Young then moved for summary judgment. Yater and Young's motion was granted, and again Aldridge brought his appeal from the granting of summary judgment. The action between Aldridge and the original Thannisch owners was severed and proceeded as a separate action. In that case a summary judgment was entered in the owner's favor,

from which judgment appeal has also been taken.

By their terms, the 1976 addenda to the 1974 leases appear to be, as urged by Aldridge, a renegotiation of the 1974 leases for an additional fifteen-year term.

■ Yater and Young urge that any extension or option to extend the lease is invalid because it failed to provide for the amount of the rent during the extended term. They maintain that the provisions in the 1974 addenda which provide a formula for increases in rent during any extended term were superseded by the 1976 addenda and therefore are no longer a part of the agreements. We agree that the 1974 rent increase formula has been superseded by the 1976 addenda, since the 1976 addenda by their terms provide that they supersede the 1974 addenda. As Yater and Young point out, the legal definition of "supersede" is " '[o]bliterate, set aside, annul, replace, make void, inefficacious or useless, repeal. To set aside, render unnecessary, suspend, or stay.' " BLACK'S LAW DICTIONARY 1289 (5th ed. 1979). *See also* 40A WORDS AND PHRASES 335 (1964), cases cited under "supersede". Since the formula for increases in rent was superseded by the 1976 addenda, the contract, under the 1976 addenda, is silent as to the amount of the rent for the extended term.

■ It is an established rule that a general covenant to renew or extend a lease which is silent as to the terms of the renewal or extension implies a renewal or extension upon the same terms and conditions as provided in the original lease and is sufficiently definite and certain to be enforceable. *Watley v. Vergott*, 561 S.W.2d 925 (Tex.Civ.App.—Fort Worth 1978, no writ). *See also* 51C C.J.S. *Landlord and Tenant* sec. 71 (1968); II FRIEDMAN, MILTON R., FRIEDMAN ON LEASES sec. 14.1 at 697 (2d ed. 1983); 3 THOMPSON, GEORGE W., COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY 417 (1980). Since the contract in the case at bar is silent as to the terms of the rent for the extended term, it is implied that the rent is the same as that provided in the original lease. It follows that the lease is sufficiently definite and certain as to be enforceable.

Yater and Young principally rely on three cases in urging that the contract is indefinite as to rent and therefore unenforceable. The cases are *Pickrell v. Buckler*, 293 S.W. 667 (Tex.Civ.App.—El Paso), *writ ref'd*, 116 Tex. 567, 296 S.W. 1062 (1927); *Kaplan v. Floeter*, 657 S.W.2d 1 (Tex.App.—Houston [1st Dist.] 1983, no writ); and *Schlusselberg v. Rubin*, 465 S.W.2d 226 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.). In *Schlusselberg*, the renewal provision provided that the lessee was to have first refusal to renew the lease " 'at a price to be agreed upon or to meet any bona-fide offer.' " *Schlusselberg*, 465 S.W.2d at 227. In *Kaplan*, the renewal option authorized the lessee to renew the lease for a period of five years, with the monthly renewal payments to " 'be increased to an amount mutually acceptable to the parties hereto.' " *Kaplan*, 657 S.W.2d at 2. Finally, in *Pickrell*, the lessor was obligated to lease the premises for an additional five years at the same price as the lessor would be willing to rent the premises to someone else. In each of these cases these provisions were held to be invalid and unenforceable because they were indefinite as to the amount of the rent. All of these cases are distinguishable from the case at bar in that none of them were silent as to the rent for the extended term, so that they did not fall within the rule which is applicable in cases where the renewal provisions are silent as to the rent. Instead, in each of those cases, the leases contained provisions which indicated that it was *not* the intention of the parties that the rent remain the same as in the original term. There are no provisions in the leases in this case, as they were amended in 1976, which negate the implication that the rent in the renewal term is the same as that provided in the original lease.

■ Yater and Young also assert that this court cannot consider Aldridge's point on appeal with respect to the December, 1974 lease since he failed to mention this

second lease in his response. In their motion for summary judgment, Yater and Young referred to both the June, 1974 and the December, 1974 leases. In his response, Aldridge simply stated that they were not entitled to their motion for summary judgment because he had a valid and existing lease, a copy of which is a part of the record on file in this case. At that time, both leases were a part of the record on file in the case. We find the response sufficient to show opposition to the motion for summary judgment with respect to both leases.

Finally Yater and Young urge that we are bound to overrule Aldridge's point of error by virtue of the law of the case doctrine.

A ruling by an appellate court on a question of law raised on appeal will generally be regarded as the law of the case in all subsequent proceedings in the same case. *Houston Endowment, Inc. v. City of Houston,* 468 S.W.2d 540, 543 (Tex. Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). In the prior appeal of this case, the motion for summary judgment obtained by the Thannisch owners was reversed for the reason that the accompanying affidavits did not show a holding over by Aldridge after the primary term. In that opinion this court stated that the Thannisch owners "did not agree tacitly, or otherwise, that the appellant could 'hold over' under either lease. Thus, when the appellant 'held over', he became a trespasser and became subject to suit in trespass to try title." The court also, without any

elaboration, overruled Aldridge's second point of error, which stated that "[t]he trial court erred in ruling as a matter of law that Appellees were entitled to possession of the property involved in this action for the reason that there existed a valid and enforceable lease agreement between the Appellant and Appellees." We find that this determination of the issue in the prior appeal is clearly erroneous, for the reason that it is contrary to the well-established principle previously stated. The law of the case merely expresses the practice of courts generally to refuse to reopen what has already been decided, and is not a limit to their power. The doctrine is inapplicable when the prior decision is clearly erroneous. *Connecticut General Life Ins. Co. v. Bryson,* 148 Tex. 86, 219 S.W.2d 799, 800 (1949); *Barrows v. Ezer,* 624 S.W.2d 613, 617 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Miller v. Winn,* 28 S.W.2d 578, 580 (Tex.Civ.App.—Fort Worth 1930, writ ref'd). We sustain Aldridge's sole point of error.

The summary judgment granted by the trial court is reversed and the cause remanded for further proceedings in accordance with this opinion, with costs of the appeal charged to Yater and Young, the appellees herein.