**Jack WINTERS, Individually, and Great Western Petroleum Company, Appellants,**

v.

**ARM REFINING COMPANY, INC., Enjet, Inc., and Red's Refinery, Inc., Appellees.**

No. 13–91–231–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1992.

Rehearing Overruled June 25, 1992.

**738**

William E. Ryan, Houston, for appellants.

Lola L. Bonner, Rockport, for appellees.

Before DORSEY, SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

This case involves the breach of a conditional sales contract to purchase commercial property and the foreclosure of a primary lien on that property. The debtor, Arm Refining Co., Inc., waived the 21 days' public posting of foreclosure notice prescribed by Texas statute. As a result, the primary lienholders, Red's Refinery and Enjet, Inc., posted notice for five days prior to the sale. In this nonjury case, the court granted judgment in favor of Red's and Enjet[1], appellees[2], holding that Arm's waiver of notice, and the five-day notice given, were proper, and that the foreclosure sale was valid. The court granted damages to Red's. By two points of error, Great Western contends that the trial court erred by granting judgment in favor of Red's, and by awarding damages. We affirm the judgment of the trial court.

By their first point of error, Great Western and Jack Winters, its owner/operator[3], contend that the court erred by rendering judgment that Great Western's second lien was extinguished by Red's foreclosure sale, because Red's did not post notice of that sale for the minimum period mandated by statute. By the first portion of their second point of error, appellants argue that the court erred by rendering judgment against Great Western for $171,000 in damages for breach of a conditional sales con-

tract, because the court used two different measures to compute those damages.

■ In order to preserve a complaint for appellate review, parties must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling they desired the court to make, if the specific grounds were not apparent from the context. TEX. R.APP.P. 52(a); *see Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). That general rule applies in both jury and nonjury cases. In a nonjury case, however, parties complaining that the evidence was insufficient to support a finding of fact, that a finding of fact was established as a matter of law or was against the overwhelming weight of the evidence, or that the damages found by the court were inadequate or excessive, need not comply with Rule 52(a). TEX.R.APP.P. 52(d).

■ The facts in this case were undisputed, and the trial court's findings reflect them. The appellants do not complain of the court's findings of fact in point one and the first part of point two, but rather maintain that the court made improper conclusions of law and rendered an improper judgment on the basis of those findings. The record is devoid of any requests, objections, or motions calling the court's attention to errors in its judgment. The general rule is that claims of error will not be reviewed on appeal unless the matter complained of was first brought to the attention of the trial judge and a ruling secured. *See, Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex.1989), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1122, 107 L.Ed.2d 1028 (1990). In this nonjury trial, a motion non obstante veredicto would have been inappropriate; however, a motion for judgment or objections to the judgment directing the trial court's attention to the error was necessary in order to complain that the trial court erred by entering that judgment.

---

1. Red's and Enjet intervened in Arm's suit for temporary injunction and breach of contract damages against Great Western. Arm then assigned all of its rights in the lawsuit to Red's and Enjet.

2. All appellees will be collectively referred to as "Red's."

3. Appellants will hereinafter be collectively referred to as "Great Western."

Pursuant to TEX.R.APP.P. 52(a), appellants failed to preserve their proposed errors in the judgment in this case. *See Spradley v. Hutchison*, 787 S.W.2d 214, 216 (Tex. App.—Fort Worth 1990, writ denied) (failure to complain to trial court, at any time, about error in its final order so that court might correct the error, if any, will not preserve that error for appellate review). Point of error one is overruled, as is the first portion of point of error two.

By the second part of point two, Great Western complains about the sufficiency of the evidence to support the court's damages finding. Pursuant to TEX.R.APP.P. 52(d), appellants were not required to question the sufficiency of the evidence before the trial court, to give it an opportunity to rule, in order to properly preserve the error for our review.

The court found that Great Western breached a conditional sales contract to purchase the commercial property at issue by failing to make the down payment and pay the monthly installments due under the contract. The seller, Arm Refinery, canceled the contract and sent Great Western a notice to vacate. Great Western refused.

By the strict wording of the contract, should the buyer default on the contract and refuse to vacate the premises, from that point forward, the buyer would be treated as a tenant at sufferance. In such a situation, the buyer/holdover tenant must pay damages to the seller/landlord equivalent to the reasonable rental value of the property,[4] or the reasonable value of the use of the premises for the holdover period.[5]

When computing holdover damages due Red's, the trial court found that $15,000 per month was the reasonable rental value of the property. This was the amount of each monthly installment due under Great Western's conditional sales contract. Great Western complains that both legally and factually insufficient evidence exists to sustain that finding.

Findings of fact in a case tried to the court have the same dignity as a jury's verdict upon jury questions. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). We review the court's findings of fact by the same standards used to review the sufficiency of the evidence to support a jury's findings. *Nelson v. Dallas Indep. School Dist.*, 774 S.W.2d 380, 382 (Tex.App.—Dallas 1989, writ denied); *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). When determining the legal and factual sufficiency of the evidence, we follow the well-established principles set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634–35 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985); *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Allied Fin. Co. v. Garza*, 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Points of Error*, 38 TEX.L.REV. 361 (1960).

The sole evidence before the court with regard to reasonable rental value of the property was the testimony of Bernie Duncan, Vice President and stockholder of Arm Refining Company. He stated:

MR. DUNCAN: So I guess we decided a reasonable rental rate from [the time of cancellation] until we took possession again would be the monthly [conditional sales contract] payment.

ATTORNEY FOR RED'S: So is it your opinion, then, that the fair rental value of the property would be $15,000 a month?

MR. DUNCAN: Certainly is fair, yes.

This testimony was wholly undisputed by Great Western. Appellants neither objected to it nor attempted to contradict it. The testimony was the only evidence upon which the court could rely to render its findings of fact. As a result, when review-

---

4. *Hart v. Keller Properties*, 567 S.W.2d 888, 889 (Tex.Civ.App.—Dallas 1978, no writ); *Stewart v. Breese*, 367 S.W.2d 72, 74 (Tex.Civ.App.—Dallas 1963, writ dism'd).

5. *Kaplan v. Floeter*, 657 S.W.2d 1, 3 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Whitfield v. Gay*, 253 S.W.2d 54, 56 (Tex.Civ.App.—Eastland 1952, no writ).

ing the evidence and inferences from it in the light most favorable to the trial court's finding, the evidence is legally sufficient to support the finding that $15,000 per month is the reasonable rental value of the property. When considering all of the evidence relevant to the court's finding, this evidence is also factually sufficient to support that finding. Point of error two is overruled.

The judgment of the trial court is AFFIRMED.